[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2158

UNITED STATES,

Appellee,

v.

LUIS ANGEL PARRILLA-SANES,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Luis Angel Parrilla-Sanes on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

**Per Curiam**. Defendant Luis Angel Parrilla-Sanes, having been convicted by a jury of two drug-related offenses, and having opted to proceed pro se on appeal in response to his counsel's submission of an Anders brief, advances various challenges to his sentence. His primary contention is that the district court failed to anticipate the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant is correct that an Apprendi violation occurred here, but his victory is a Pyrrhic one; we review that claim only for plain error and find none. As defendant's remaining contentions also prove unavailing, we will thus affirm the judgment--after first pausing to correct a clerical error therein.

Defendant, a former police officer, participated in a scheme to transport 109 kilograms of cocaine from Colombia to Puerto Rico. The drug shipment ended up making it only part way--to the island of Dominica in the West Indies--before the plot was foiled. Defendant was indicted and convicted on two charges: conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) & 846,

and conspiracy to import same into the United States, id. §§ 952(a)(1) & 963. The district court, after making two adjustments to the offense level and rejecting two others, imposed concurrent prison terms of 292 months along with five years of supervised release.

The Apprendi rule provides that any fact (other than a prior conviction) that increases the maximum penalty for a crime is an element of the offense, and accordingly must be (1) set forth in the indictment, (2) submitted to a jury, and (3) proven beyond a reasonable doubt. The district judge here, applying then-prevailing circuit precedent, withheld the issue of drug quantity from the jury and instead determined it at sentencing. Had defendant's sentence not exceeded the 20-year default maximum that applies under 21 U.S.C. § 841(b)(1)(C) regardless of drug quantity, Apprendi would not have been implicated. See, e.g., United States v. Robinson, 241 F.3d 115, 119-20 (1st Cir. 2001); United States v. Houle, 237 F.3d 71, 78-81 (1st Cir. 2001). Yet because his 292-month sentence was in excess thereof, the government correctly concedes that the question of drug quantity should have gone to the jury.[1]

_____

[1] It is doubtful, however, that the indictment itself contravened the Apprendi rule. It specifically charged that more than five kilograms of cocaine were involved--an amount

-3-

Nonetheless, we review only for plain error inasmuch as no such objection was voiced below. See, e.g., United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001). To prevail under that standard, defendant must establish not only that a clear error occurred but that it affected his "substantial rights," which usually requires a showing that the error was "prejudicial." United States v. Olano, 507 U.S. 725, 734 (1993). Even then, an appellate court will grant relief only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted); accord, e.g., Johnson v. United States, 520 U.S. 461, 467 (1997). Petitioner falls well short of the requisite showing--for the simple reason that the drug amount, which was established through the uncontested testimony of a forensic scientist, was never thereafter placed in dispute. The Court in Johnson found no plain error where the element in question was "essentially

_____

sufficient to trigger the enhanced penalties in 21 U.S.C. §§ 841(b)(1)(A) & 960(b)(1). We need not resolve this question, since an unpreserved challenge to a defective indictment in this context is subject to plain-error review (just like the other two prongs of Apprendi). See, e.g., United States v. Terry, 240 F.3d 65, 74 (1st Cir. 2001); United States v. Mojica-Baez, 229 F.3d 292, 307-12 (1st Cir. 2000), petition for cert. filed, No. 00-8464 (Jan. 30, 2001). Contra United States v. Tran, 234 F.3d 798, 809-10 (2d Cir. 2000).

uncontroverted at trial," id. at 470; here, the quantity of drugs was entirely uncontroverted. Under analogous circumstances, this court and others have readily concluded that plain error was lacking. See, e.g., United States v. Terry, 240 F.3d 65, 74-75 (1st Cir. 2001) (alternative holding); United States v. Keeling, 235 F.3d 533, 539-40 (10th Cir. 2000); United States v. Swatzie, 228 F.3d 1278, 1283 (11th Cir. 2000). Compare, e.g., United States v. Nordby, 225 F.3d 1053, 1061 (9th Cir. 2000). Defendant's Apprendi-based claims thus entitle him to no relief.[2]

Defendant's remaining challenges, which pertain to the sentencing adjustments, require little discussion. He first assigns error to the court's finding that he did not warrant a two-level decrease under U.S.S.G. § 3B1.2(b) as a minor participant. Yet the evidence showed that defendant was "a player rather than ... a dabbler," United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000)--for

_____

[2] No need arises to address the government's alternative contention: that plain error is lacking because two 20-year sentences could have been imposed and made to run consecutively to the extent necessary to achieve the 292-month sentence prescribed by the Guidelines. While some other courts have endorsed such reasoning (at least in the plain-error context), see, e.g., United States v. Page, 232 F.3d 536, 544-45 (6th Cir. 2000), cert. denied, ___ S. Ct. ___, 2001 WL 121935; compare United States v. Jones, 235 F.3d 1231, 1237-38 (10th Cir. 2000), we express no views thereon.

example, that he was involved in various planning sessions and helped to recruit a pilot. There was no clear error.

Second, defendant objects to a two-level enhancement imposed under § 2D1.1(b)(1) for possession of a dangerous weapon. While conceding that he knew of the presence of firearms, he protests that he was never in possession thereof and that the evidence was insufficient to warrant conviction under 18 U.S.C. § 924(c). Yet the enhancement "requires only that it have been reasonably foreseeable that an accomplice would possess a gun." United States v. De Leon Ruiz, 47 F.3d 452, 454 (1st Cir. 1995). And "section 924(c)'s 'use or carry' language and the restrictive gloss from Bailey [v. United States, 516 U.S. 137 (1995)] are not used in the guideline." United States v. Aker, 181 F.3d 167, 172 (1st Cir. 1999).

Finally, defendant complains of a two-level adjustment under § 3C1.1 for obstruction of justice--an enhancement arising from his attempt to tamper with potential witnesses. The same allegations resulted in the pretrial revocation of his bail. While the record before us omits some of the particulars, we find it sufficient to uphold the enhancement. For example, defendant does not deny making the comments in question to the pilot Maldonado;

-6-

he simply points out that it was Maldonado who initiated the conversation--a contention that, even if true, has little relevance. Defendant does not dispute that attempted subordination of perjury warrants an obstruction-of-justice enhancement. See, e.g., Aker, 181 F.3d at 172.

As a postscript, we take note of a clerical error on page four of the written judgment. The judgment incorrectly reports that the district court adopted the guideline calculations in the pre-sentence report (PSR); in fact, the court diverged therefrom. More particularly, in listing the sentencing enhancements that ended up being imposed, the judgment incorrectly mentions an abuse-of-position-of-trust enhancement (which the PSR had recommended but the court rejected) while making no reference to the gun-possession enhancement. This was obviously a clerical oversight. Cf. United States v. Muniz, 49 F.3d 36, 42 n.5 (1st Cir. 1995) (noting that court's oral expression of sentencing rationale is normally honored over divergent written explanation). Even though the miscue made no difference below--the total offense level, the ensuing range, and the actual sentence were all accurately reported--it conceivably could have collateral consequences. We therefore direct the Clerk of the district court to amend

-7-

the judgment accordingly.  <u>See</u>, <u>e.g.</u>, <u>Ansin</u> v. <u>River Oaks Furniture, Inc.</u>, 105 F.3d 745, 761 (1st Cir. 1997).

<u>As amended, the judgment is affirmed.</u>