José **LOZADA–RIVERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. Civ. 02–1374(HL), Crim. 97–032(HL).

United States District Court, D. Puerto Rico.

April 1, 2002.

Jose Lozada–Rivera, Jesup, GA, pro se.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a petition for post-conviction relief under 28 U.S.C § 2255 filed by José Lozada–Rivera. Lozada–Rivera was charged in two of the superseding indictment's three counts. Count one charged him with being part of a conspiracy to possess cocaine with intent

to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count two charged him with possessing in excess of five kilograms of cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). There were eight other defendants. Lozada–Rivera agreed to plead guilty to Count one. In his change of plea agreement he agreed that he would be "held accountable for 150 kilograms or more of cocaine" for purposes of sentencing.[1] The agreement further stated that the Government and Lozada–Rivera agreed that his sentence should be 120 months.[2] On November 29, 2000, the Court sentenced Lozada–Rivera to 120 months, the amount bargained for in the plea agreement.[3] He did not appeal this sentence.

Lozada–Rivera then filed the present petition. Because he is appearing *pro se*, the Court will broadly construe normal pleading requirements. *See United States v. Michaud*, 925 F.2d 37, 41 (1st Cir.1991). He claims that his sentence violates the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); that the Court adopted an incorrect "penalty phase" and that therefore his plea was not entered into knowingly; and that the indictment was defective because it omitted a penalty section for the cocaine conspiracy. He requests that he be resentenced.

The Court need not tarry over these arguments. Lozada–Rivera filed his petition on March 13, 2002. He was sentenced on November 29, 2000. He did not appeal his sentence. Under the amendments to section 2255 in the Antiterrorism and Ef-

fective Death Penalty Act of 1996, there is a one-year period during which a petition for post-conviction relief may be filed. This period runs from the latest of (1) the date on which the prisoner's judgment of conviction became final; (2) the date on which any government-created impediment to filing his petition was removed; (3) the date on which the right asserted was recognized by the Supreme Court; or (4) the date on which the facts supporting the claim "could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255 (West Supp.2001).

■ In the present case, there is nothing in the record to indicate that the Government somehow impeded Lozada–Rivera from filing his petition earlier; that the rights he is asserting were first recognized by the Supreme Court after he was sentenced; or that there were facts to support his claim that he discovered some time after he was sentenced. Thus, the one-year period for filing a 2255 petition began to run after his judgment of conviction became final. He was sentenced on November 29, 2000. He took no appeal. He had, at most, forty days to file an appeal. *See* Fed.R.App.P. 4(b). His sentence would have thus become final, at the latest, on January 8, 2001, forty days from the date of his sentence. He filed the present petition more than one year past this deadline. Thus, his petition is time-barred.

■ There are other grounds for dismissing this petition. Lozada–Rivera could have taken a direct appeal on the grounds he raises in his petition.[4] He did

---

1. Crim. no. 97–032(HL), docket no. 429, at 3.

2. Crim. no. 97–032(HL), docket no. 429, at 3.

3. Crim. no. 97–032(HL), docket no. 442.

4. The *Apprendi* decision was issued on June 26, 2000. Five months later, this Court sentenced Lozada–Rivera. Thus, he could have raised any *Apprendi* issues on direct appeal.

not. A prisoner may not raise in a section 2255 petition any claim that could have been raised on direct appeal but was not. *Knight v. United States,* 37 F.3d 769, 772–73 (1st Cir.1994). Because Lozada–Rivera could have raised on direct appeal the arguments he raises now, he may not bring them in a section 2255 petition.

 Furthermore, Lozada–Rivera's *Apprendi* argument is wholly without merit. The Supreme Court's holding in that case only applies when a defendant's sentence exceeds the statutory maximum. *United States v. Robinson,* 241 F.3d 115, 121 (1st Cir.2001); *United States v. Baltas,* 236 F.3d 27, 41 (1st Cir.2001). In the present case, Lozada–Rivera plead guilty to count one of the superseding indictment, which charged him with violating 21 U.S.C. §§ 841(a)(1) and 846. In his plea agreement he agreed that, for purposes of sentencing, he would be held accountable for 150 kilograms of cocaine.[5] As such, his statutory maximum sentence was life. *See* 21 U.S.C. § 841(b). He received a sentence of 120 months. Thus, the ruling in Apprendi is not applicable to his situation.

Lastly, Lozada–Rivera argues that the Court adopted an incorrect "penalty phase" and that therefore his plea was not entered into knowingly. The plea agreement explicitly states that the Government and Lozada–Rivera agreed that his sentence should be 120 months. Lozada–Rivera himself signed this agreement. The Court sentenced him to exactly this amount. Lozada–Rivera cannot now complain that his rights were violated when he received the exact sentence for which he bargained.

WHEREFORE, for all of the reasons set forth above, the Court denies Lozada–Rivera's section 2255 petition. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

**5.** Crim. no. 97–032(HL), docket no. 429, at 3.