# United States Court of Appeals
## For the First Circuit

No. 02-1953

UNITED STATES OF AMERICA,

Appellee,

v.

BRIAN GOODINE, a/k/a DWAYNE GOODINE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella and Lynch, Circuit Judges.

Peter E. Rodway, with whom Rodway & Horodyski was on brief, for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, were on brief, for appellee.

April 9, 2003

**TORRUELLA**, **Circuit Judge**. A jury convicted Defendant-Appellant Brian Goodine[1] of conspiracy and possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) & 846 (2003). By special verdict form, the jury indicated that the amount for each count was at least five, but less than fifty grams of cocaine base. The judge, however, determined that Goodine was responsible for 309.2 grams of crack, and sentenced him accordingly.

We are faced with two closely-related issues on appeal. First, Goodine alleges that the different penalty provisions under § 841(b) create separate crimes requiring the government to prove drug quantity beyond a reasonable doubt. Goodine asserts that he could only be sentenced pursuant to the jury's determination of drug quantity, but was erroneously sentenced pursuant to the judge's determination. Second, the judge imposed a mandatory minimum sentence based on drug quantity proved by preponderance of the evidence. Goodine raises an Apprendi challenge because that mandatory minimum sentence is higher than the sentencing guideline range to which he was exposed before the judge's finding as to drug quantity.

---

[1] Goodine was tried with co-defendant Garry Julien, and both appeals were heard on the same date. Julien's appeal is addressed in United States v. Julien, No. 02-1765, 2003 U.S. App. LEXIS 1780, (1st Cir. Feb. 3, 2003).

We find that drug quantity in § 841(b) is a sentencing factor, not an element of separate crimes. We also find that no Apprendi violation occurred here because the sentencing guidelines are not "statutory maximums" for purposes of Apprendi, and Goodine was not sentenced to a penalty greater than that authorized by the jury's finding. Goodine's sentence is therefore affirmed.

## I. Introduction

Goodine does not dispute the jury verdict or the findings by the judge. He raises two legal challenges to his sentence. Goodine preserved these appeals at sentencing; we therefore apply de novo review. United States v. Henderson, No. 01-2392, 2003 U.S. App. LEXIS 2735, at *42 (1st Cir. Feb. 14, 2003); United States v. Eirby, 262 F.3d 31, 36 (1st Cir. 2001).

## II. Drug Quantity as Sentencing Factors

### A. Issue

The second subsection of the statute for drug possession with intent to distribute[2] delineates different penalty provisions based on drug type and other factors.[3] See 21 U.S.C. § 841(b). Three such provisions are relevant here. Defendants responsible

---

[2] Because the conspiracy statute, 21 U.S.C. § 846, adopts the sentencing scheme of 21 U.S.C. § 841, we need not address it separately.

[3] The statute also considers drug type, whether serious bodily injury resulted from the crime, and whether the defendant has a prior felony drug conviction. Our decision is limited to the issue of drug quantity, and leaves challenges to the other factors for another day.

for an unspecified amount of crack are exposed to a maximum sentence of twenty years under § 841(b)(1)(C), or thirty years if the defendant has a prior drug offense conviction. Defendants responsible for five or more grams of crack are exposed to five to forty years in prison, or ten years to life for defendants with a prior felony drug offense conviction under § 841(b)(1)(B). Finally, defendants responsible for at least fifty grams of crack are sentenced under § 841(b)(1)(A), which carries a possible penalty of ten years to life, or twenty years to life for defendants who have a prior conviction for a felony drug offense.

The jury convicted Goodine of possession with intent to distribute at least five grams (but less than fifty grams) of crack. Strictly following the jury's conviction, Goodine (who has a prior conviction for a felony drug offense) would be subject to a ten-year mandatory minimum sentence under § 841(b)(1)(B). However, the judge determined that Goodine was responsible for 309.2 grams of crack and sentenced him to the mandatory minimum sentence under § 841(b)(1)(A) -- twenty years.

Goodine asserts that § 841(b)(1)(A), (B), and (C) are different crimes with drug quantity as the differing element, and that because the government only proved beyond a reasonable doubt that he was responsible for five grams, he could only be sentenced to a ten-year mandatory minimum sentence under § 841(b)(1)(B).

Goodine challenges the legal decision of the district court to sentence him under § 841(b)(1)(A) instead of § 841(b)(1)(B).

The government must prove every element of a crime beyond a reasonable doubt.  See In re Winship, 397 U.S. 358, 364 (1970).  However, mere sentencing factors do not require such proof.  Patterson v. N.Y., 432 U.S. 197, 207 (1977) (holding that the State need not "prove beyond a reasonable doubt every fact, the existence or nonexistence of which it is willing to recognize as . . . affecting . . . the severity of the punishment").  While the legislature is generally free to identify elements and sentencing factors, there are constitutional limits to this power.  McMillan v. Pennsylvania, 477 U.S. 79, 86 (1986).  We must determine whether drug quantity is an element of offenses under § 841 that must be proved beyond a reasonable doubt, or merely a sentencing factor that may be determined by the judge by a preponderance of the evidence.

## B.  Relevant Cases

The distinction between "elements" and "sentencing factors" can be elusive, see Apprendi, 530 U.S. at 494, and we admit that we have been wrong on similar questions before.  See United States v. Rivera-Gómez, 67 F.3d 993, 996 (1st Cir. 1995) (holding that the federal carjacking statute identified only one crime; later rejected by the Supreme Court in Jones v. United States, 526 U.S. 227, 229 (1999)).  This question is complicated by

the Supreme Court's recent sentencing decisions. Before Apprendi, we held that drug-quantity delineations contained in § 841(b)(1) were sentencing factors that could be determined by a preponderance of the evidence. See United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996). However, we have noted that the Supreme Court's decision in Apprendi "requires some rethinking of this approach." United States v. Eirby, 262 F.3d 31, 36 (1st Cir. 2001).

There is a split among our sister circuits who have considered this issue post-Apprendi. Compare United States v. Wade, No. 01-5210, 2003 U.S. App. LEXIS 2374, at *18 (6th Cir. Feb. 11, 2003) (holding that drug quantity under § 841 need not be proved beyond a reasonable doubt) and United States v. Smith, 308 F.3d 726, 740 (7th Cir. 2002) (same), with United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000) ("If the government seeks enhanced penalties under 21 U.S.C. § 841(b)(1)(A) or (B), the [drug] quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."), followed in United States v. Turner, No. 01-11589, 2003 U.S. App. LEXIS 1270, at *10-11 (5th Cir. Jan. 27, 2003) and United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) (en banc).

This case presents us with a post-Apprendi opportunity to determine congressional intent regarding the drug quantity language of § 841. Cf. United States v. Terry, 240 F.3d 65, 74 n.9 (1st

-6-

Cir. 2001) (not reaching the issue). We are assisted in this task by the Supreme Court's determination of congressional intent behind similar statutes. Five cases shape our analysis.

First, in McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Supreme Court found that a five year mandatory minimum sentence for visible possession of a firearm during certain enumerated felonies was a sentencing factor that could be determined at sentencing. Id. at 84. The felonies had maximum sentences of ten or twenty years, and the Court found that the "statute [gave] no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense." Id. at 88. The Court found that the instrumentality used in commission of a crime was a factor "that has always been considered by sentencing courts to bear on punishment" and therefore was not an element of the crime. Id. at 89. Although this was the first time the Supreme Court identified "sentencing factors" as distinct from "elements" of a crime, McMillan has subsequently been reaffirmed in light of recent sentencing decisions. Harris v. United States, 122 S. Ct. 2406, 2420 (2002).

In the second case, Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Court considered 8 U.S.C. § 1326(b)(2), which predicated an increase in penalty on a prior conviction of aggravated felony. The Court held that prior conviction is a sentencing factor rather than an element establishing a separate

-7-

offense. Id. at 226-27. In reaching this conclusion, the Court engaged in a detailed analysis of the statute's language, structure, legislative history, caption and placement, id. at 230-35, as well as functional factors such as potential unfairness, the magnitude of the increase, and whether prior conviction is traditionally treated as a sentencing factor or an element of the offense, id. at 234-36.

In the third case, Jones v. United States, 526 U.S. 227 (1999), the Court construed the federal carjacking statute, 18 U.S.C. § 2119 (1994 ed. & Supp. V). At the time, the statute set three different maximum sentences: fifteen years for a carjacking, twenty-five years if serious bodily injury resulted, and life imprisonment if death resulted. Id. at 230. The question was whether the statute "defined three distinct offenses or a single crime with a choice of three maximum penalties, two of them dependent on sentencing factors exempt from the requirements of charge and jury verdict." Id. at 229.

The Supreme Court began with the language and structure of the statute, noting that the statute appeared to identify one offense with several penalty provisions. Id. at 232. The Court called this first glance an unreliable guide to congressional intentions because the statute identified steeply higher penalties conditioned on further facts "that seem quite as important as the elements in the principal paragraph." Id. at 233. The penalty

-8-

range increased by at least two-thirds (from fifteen years to twenty-five years), and to as much as life imprisonment, based on a finding that substantial bodily injury or death resulted. Id.

The Court found the legislative history "unimpressive" because it supported either intent -- of serious bodily injury meant as a sentencing factor or as an element of the crime. Id. at 237-39.

The Jones Court reasoned that carjacking is a type of robbery, and "serious bodily injury has traditionally been treated, both by Congress and by the state legislatures, as defining an element of the offense of aggravated robbery." Id. at 235. Finding serious bodily injury to be an element corresponded to maintaining the jury's role as more than a mere low-level gatekeeper: if serious bodily injury was merely a sentencing factor, "in some cases, a jury finding of fact necessary for a maximum 15-year sentence would merely open the door to a judicial finding sufficient for life imprisonment." Id. at 244.

Finally, the Jones Court noted that if a statute is equally susceptible of two interpretations, one of which raises "grave and doubtful constitutional questions" that the other does not, a court should interpret the statute so as to avoid the constitutional question. Id. at 239. By holding serious bodily injury to be an element of a crime requiring proof beyond a reasonable doubt, the Court avoided a constitutional question. Id.

In the fourth case to resolve a similar issue, Castillo v. United States, 530 U.S. 120 (2000), the Supreme Court considered a statute prohibiting the use or carrying of a firearm in relation to a crime of violence.  The Court found that the provision increasing the penalty from a minimum of five years to a minimum of thirty years when the weapon was a machinegun required that the type of weapon used be proved beyond a reasonable doubt.  Id. at 131.  The Court noted that the first sentence of the statute, which included the type of firearm used, identified the elements of the crime, while the second sentence described "factors (such as recidivism) that ordinarily pertain only to sentencing."  Id. at 125.  The Court further found that firearm type is not a traditional sentencing factor.  Id. at 126.  "Traditional sentencing factors often involve either characteristics of the offender, such as recidivism, or special features of the manner in which a basic crime was carried out (e.g., that the defendant abused a position of trust or brandished a gun)."  Id.  The Court then found that asking a jury to resolve what type of weapon was used would not complicate a trial or risk unfairness.  Id. at 127. The Court noted that the legislative history could have supported either view, but that the length and severity of the provision suggest that the language relating to different firearm types referred to elements of separate crimes.  Id. at 130-31.

The final case offering guidance is <u>Harris</u> v. <u>United States</u>, 122 S. Ct. 2406 (2002).  There, the Supreme Court held that the statute for commission of a drug trafficking offense while using or carrying a firearm defines a single crime, and that whether the firearm was "brandished" or "discharged" is merely a sentencing factor to be determined by the judge.  <u>Id.</u> at 2414.  The Court found that the statute's structure suggested definition of one crime only, as the first paragraph listed the elements of a complete crime and the second paragraph described how defendants were to be punished.  <u>See</u> <u>id.</u> at 2411-12 (interpreting 18 U.S.C. § 924(c)(1)(A)).  The Court then considered "tradition and past congressional practice" and found that brandishing and discharging a firearm had not been treated as elements in other statutes, rather, they were classic sentencing factors.  <u>Id.</u> at 2412. Further, nothing in the "text or history of the statute" rebutted the presumption drawn from the statute's structure -- that the statute identifies only one offense.  <u>Id.</u> at 2413.

The <u>Harris</u> Court distinguished <u>Jones</u>, where the carjacking statute authorized "steeply higher penalties" based on whether injury or death resulted from the crime.  <u>Id.</u> at 2412 (quoting <u>Jones</u>, 526 U.S. at 233).  In the statute at issue in <u>Harris</u>, the consequence of a judicial determination that a firearm had been brandished or discharged was simply an increase in the mandatory minimum sentence.  <u>Id.</u> at 2412-13.  The Court found that

the "incremental changes in the minimum -- from 5 years, to 7, to 10 -- are precisely what one would expect to see in provisions meant to identify matters for the sentencing judge's consideration." Id. at 2413.

## C. Application

Applying these cases to the drug statute at issue here, we begin with the language and structure of the statute. Section 841(a) lays out an offense that stands on its own, stating that "it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to distribute or dispense[] a counterfeit substance." See 21 U.S.C. § 841(a).[4] The next

---

[4] The relevant provisions of the statute read:

(a) Unlawful acts. Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally --
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
   (2) to create, distribute or dispense, or possess with intent to distribute or dispense, a counterfeit substance.
(b) Penalties. . . . [A]ny person who violates subsection (a) of this section shall be sentenced as follows:
(1)(A) In the case of a violation of subsection (a) of this section involving . . . (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .
   (B) In the case of a violation of subsection (a) of this section involving . . . (iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less

-12-

subsection is entitled "Penalties" and sets sentencing ranges for violations of 841(a) based on drug quantity, drug type, prior conviction, and whether or not serious bodily injury resulted from the use of the counterfeit substance.  See 21 U.S.C. § 841(b).  A straightforward reading suggests that part (a) identifies a crime and part (b) outlines different penalties for that crime.  We have never directly answered this question, but we have previously stated that a switch from 841(b)(1)(B) to 841(b)(1)(A) does not affect the "substance" of the charge, Eirby, 262 F.3d at 38, and have referred to subsection (b) as designating "different sentencing regimes based on drug quantity" (and other factors). United States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001).

At the time § 841 was passed, Congress referred to the "sentencing procedures" as giving "maximum flexibility to judges," suggesting that Congress viewed the penalty provisions as sentencing factors.  H.R. Conf. Rep. 91-1444 (1970), reprinted in 1970 U.S.C.C.A.N. 4566, 4576.  The legislative history on this point is scarce, and others have found it unhelpful.  See United States v. McAllister, 272 F.3d 228, 231 (4th Cir. 2001).

---

than 5 years and not more than 40 years . . . .
  (C) In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years . . . .

21 U.S.C. § 841(a)-(b).

In addition to the statutory text and legislative history, we find here other considerations which have heavily influenced the Supreme Court in finding that certain facts are sentencing factors rather than elements establishing an offense. First, drug quantity is a classic sentencing factor. See 18 U.S.C.S. Appx. § 2D1.1(c) (2003) (determining Sentencing Guideline base offense level based on drug type and quantity). Like many sentencing factors, it goes to the "nature and circumstances of the offense." See Castillo, 530 U.S. at 126 (quoting 18 U.S.C. § 3553 (a)(1)). Permitting the judge to make a determination as to drug quantity is not permitting the tail of sentencing to wag the dog of the substantive offense. See McMillan, 477 U.S. at 88. The government must prove beyond a reasonable doubt all the elements of § 841(a); in this case the jury found that Goodine knowingly or intentionally possessed with intent to distribute a counterfeit substance (cocaine base). This determination exposed Goodine to sentencing under § 841(b), ranging from five years to life imprisonment. The judicial finding relating to drug quantity simply guides the judge for sentencing purposes within this range. This is a typical sentencing scheme.

Second, due to Apprendi limitations discussed in Part III below, a jury's determination will cap the maximum sentence a judge can impose, regardless of drug quantity determination. Our holding that drug quantity is not an element of § 841 means that a judge's

determination of drug quantity can influence the mandatory minimum sentence imposed, and such incremental changes in the minimum are typical sentencing provisions determined by the judge. Harris, 122 S. Ct. at 2413. The Jones Court's concern that a jury would merely be a low-level gatekeeper is unfounded because the jury determination in fact sets the maximum punishment.

Third, drug quantity goes to how the offense is conducted, rather than the result of the crime. As such, it is more analogous to the statutes in which the Supreme Court identified sentencing factors. Drug quantity is "not necessary to the determination of whether [defendant's] conduct was 'criminal' or 'innocent.'" United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002). It therefore is more like a sentencing factor than an element. Finally, we note a practical result of our ruling. Were all facts contained in § 841(b) to be treated as elements, the statute would define as many as 350 different offenses. See United States v. Promise, 255 F.3d 150, 175 (4th Cir. 2001) (en banc) (Luttig, J., concurring). Such an interpretation causes difficulty we think Congress did not intend. We therefore find that drug quantity for purposes of § 841 is a sentencing factor that may be determined by a preponderance of the evidence.

**III.  Application of Apprendi to the Sentencing Guidelines**

With a judicial finding of 309.2 grams of cocaine base, Goodine was exposed to 168-210 months imprisonment under the Sentencing Guidelines. However, because § 841(b)(1)(A) carries a mandatory minimum sentence of twenty years imprisonment for defendants who have a prior conviction for a felony drug offense and are guilty of possessing with intent to distribute fifty or more grams of cocaine base, the judge sentenced Goodine to twenty years in prison. Goodine raises an <u>Apprendi</u> argument because this mandatory minimum sentence exceeded the high end of his Sentencing Guideline range.

The landmark case of <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, 490 (2000), held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>'s limitation on punishment beyond the statutory maximum applies regardless of whether the fact is considered an "element" or a "sentencing factor." <u>Harris</u>, 122 S. Ct. at 2410. A sentencing court may use the preponderance of the evidence standard to find facts that require the imposition of a specified <u>minimum</u> sentence, so long as that sentence does not exceed the maximum sentence provided by the relevant statute. <u>Id.</u> at 2419 (plurality opinion); <u>id.</u> at 2421 (Breyer, J., concurring).

We have held that Apprendi's holding "applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum." United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001); United States v. Robinson, 241 F.3d 115, 119 (1st Cir. 2001) ("[T]heoretical exposure to a higher sentence, unaccompanied by the imposition of a sentence that in fact exceeds the otherwise-applicable statutory maximum, is of no consequence."). If the disputed fact (here, drug quantity) influences the sentence, but the resulting sentence is still below the default statutory maximum, there is no Apprendi violation. Robinson, 241 F.3d at 119; United States v. Houle, 237 F.3d 71, 80 (1st Cir. 2001). This is so even if the judge imposes a mandatory minimum sentence. Robinson, 241 F.3d at 122.

Section 841(b) delineates several different default statutory maximums based on drug quantity (and other factors not relevant here, such as drug type and whether or not seriously bodily injury resulted): 20 years if no drug quantity is specified, 40 years for five or more grams of cocaine base, and life for fifty or more grams of cocaine base. 21 U.S.C. § 841(b)(1)(A)-(C); See also United States v. Martínez-Medina, 279 F.3d 105, 121 (1st Cir.), cert. denied, 123 S. Ct. 311 (2002) (identifying default statutory maximum under § 841(b)(1)(A) as life); Robinson, 241 F.3d at 119 (identifying default statutory maximum as twenty years under § 841(b)(1)(C), where no quantity had been determined beyond a

-17-

reasonable doubt); <u>United States</u> v. <u>Baltas</u>, 236 F.3d 27, 41 (1st Cir. 2001) (same); <u>Smith</u>, 308 F.3d at 741 (finding a default statutory maximum of 20 years for more than fifty kilograms of marijuana under § 841(b)(1)(C)).

In this case, the jury found Goodine guilty of conspiracy and possession with intent to distribute at least five grams of cocaine base.  The default statutory maximum was therefore 40 years.  Because he was sentenced to less than that-- 20 years -- there was no <u>Apprendi</u> violation.

Goodine argues that the "prescribed statutory maximum" in his case is the top of the Sentencing Guideline range (210 months) and that his sentence of 240 months violates the rule in <u>Apprendi</u> because it is based on a drug quantity determined by a preponderance of the evidence only.  We disagree.

If we adopted Goodine's argument, we would essentially abolish the guidelines because the jury would be required to make findings as to all facts that may be relevant to sentencing ranges and potential adjustments.  Nothing in <u>Apprendi</u> or subsequent cases calls into question the validity of the Sentencing Guidelines, and "[w]e do not believe that the Court would have set in motion such a sea change in the law of sentencing without explicitly addressing the issue."  <u>Robinson</u>, 241 F.3d at 121.

The guideline calculations are not restricted by <u>Apprendi</u>'s rule.  <u>See</u> <u>United States</u> v. <u>Knox</u>, 301 F.3d 616, 620 (7th

Cir. 2002); <u>United States</u> v. <u>Norris</u>, 281 F.3d 357, 361 (2d Cir. 2002). The guidelines themselves state that where a "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." 18 U.S.C.S. Appx. § 5G1.1 (2002). Nothing further is needed to impose a mandatory minimum sentence in excess of the guideline range, as the guideline range yields to the statutory minimum sentence. Here, the statutorily required minimum sentence of twenty years became the guideline sentence. Therefore, Goodine's sentence did not offend <u>Apprendi</u>.

## IV. Conclusion

Goodine's sentence is **<u>affirmed</u>**.


**"Concurrence follows"**

**LYNCH**, **Circuit Judge**, **concurring**.  I concur in the affirmance of the sentence.  As to Goodine's argument that drug quantity under 21 U.S.C. § 841(b) is an element of a crime and not a sentencing factor, I think the argument is foreclosed by United States v. Robinson, 241 F.3d 115, 118 (1st Cir. 2001), United States v. Eirby, 262 F.3d 31, 35-38 (1st Cir. 2001), and United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996).  The claim that there is a violation of the rule of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), is foreclosed by Harris v. United States, 536 U.S. 545 (2002).