UNITED STATES of America

v.

**Ellis MARTINEZ, Defendant.**

**No. CRIM. 02–10018–NG.**

United States District Court, D. Massachusetts.

June 3, 2003.

J. Martin Richey, Federal Defender's Office, Boston, John H. Molloy, Revere, Jonathan Shapiro, Stern, Shapiro, Weissberg & Garin, Michael C. Andrews, Victoria M. Bonilla–Argudo, Bourbeau and Bonilla, Boston, for Michael Carlson (1), Damian Dicenso (2), Ellis Martinez (3), Carlos Diaz (4), Tomas Cubilette (5) aka Luis A. Medina, Defendants.

John A. Wortmann, Jr., United States Attorney's Office, Boston, for U.S. Attorneys.

### MEMORANDUM AND ORDER RE: DEFENDANT MARTINEZ'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE FIRST SUPERSEDING INDICTMENT

GERTNER, District Judge.

Defendant Ellis Martinez ("Martinez") has moved to dismiss the superseding indictment [document # 109] on statutory "speedy trial" grounds pursuant to 18 U.S.C. § 3161(b).[1] He argues that the superseding indictment, which charges him with one count of conspiracy to possess and distribute 3, 4 Methylenedioxy-methamphetamene/MDMA (also known as "ecstasy"), resulting in serious bodily injury (21 U.S.C. § 846) and several substantive ecstasy distribution counts (21 U.S.C. § 841), was brought more than thirty days after a complaint which made the identical allegations, in violation of the Speedy Trial Act.[2] As I explain below, while the statute compels me to allow this motion, the superseding indictment is dismissed without prejudice.

### I. BACKGROUND

The penalty provisions of 21 U.S.C. § 841 distinguish between a basic crime of drug distribution (zero to twenty years) and an aggravated crime of drug distribution accompanied by serious bodily injury (twenty years to life). The original indictment in this case did not allege "serious bodily injury" either as part of the conspiracy count or the substantive distribution counts. The government nevertheless took the position that it could seek an enhanced sentence, and that a judicial finding of serious bodily injury by a preponderance of the evidence would compel a twenty-year mandatory minimum.

In an earlier decision, I rejected the government's view and held that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) compels the conclusion that "serious bodily injury" cannot be a mere "sentencing factor" but is rather an "element" of an aggravated offense that must be charged in the indictment and proven to the jury beyond a reasonable doubt. *See United States v. Martinez*, 234 F.Supp.2d 80, 87 (D.Mass. 2002) (Gertner, J.). In the wake of that decision, the government filed the su-

---

**1.** Defendant Tomas Cubilette has joined in this motion.

**2.** 18 U.S.C. § 3161(b) provides, in relevant part:

> Any ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

perseding indictment, which specifically alleged serious bodily injury.

It is clear that this superseding indictment was brought more than thirty days after the initial complaint,[3] and that it reflects the crime charged in the initial complaint. Since the superseding indictment was thus untimely under the Speedy Trial Act and therefore must be dismissed, I ordered the parties to brief the question of remedy: Whether the dismissal should be with or without prejudice.

## II. *SIGNIFICANCE OF U.S. v. GOODINE*

Shortly after the parties filed their memoranda on Speedy Trial Act remedies, the government filed an additional memorandum [document #139] regarding the recent decision in *United States v. Goodine*, 326 F.3d 26 (1st Cir.2003), which held that drug quantity in 21 U.S.C. § 841(b) "is a sentencing factor, not an element of separate crimes." *Id.* at 27. In open court, the government suggested that *Goodine* may require reconsideration of my earlier decision that the fact of "death or serious bodily injury" in § 841(b) is an "element" of an aggravated distribution crime. If I were to conclude, in light of *Goodine*, that aggravated distribution and simple distribution are not distinct offenses, then there would be no speedy trial issue because the initial indictment would be on all fours with the complaint.

█ While there is surely some tension between my reading in this case of *Apprendi*, and the First Circuit's view of drug quantity in *Goodine*, my ultimate conclusion—that distribution resulting in serious bodily injury defines a separate, aggravated crime—is fully consistent with *Goodine*. If *Apprendi* is to retain any meaning, it must be the case that the fact of "death or serious bodily injury" is qualitatively and historically different from a fact such as drug quantity, and therefore must be treated as an "element" of an aggravated crime under § 841(b).

In *Goodine*, the First Circuit treated the distinction between "elements" and "sentencing factors" as strictly a question of statutory construction and congressional intent. *See* 326 F.3d at 28–29. The Court then applied *Apprendi* as a procedural safeguard that constrains the ultimate sentencing outcome.[4] *See id.* at 32–34.

**3.** In its submission on remedy [document #136], the government argues that only 22 non-excludable days actually elapsed between October 16, 2001 (the date the complaint was filed), and the superseding indictment. However, the government's position is not convincing for two reasons. First, there logically must be separate calculations for whether an indictment is filed within 30 days of a complaint and whether a case is tried within 70 days of an indictment. It does not make sense to apply excludable delay with respect to the 70–day trial clock against the 30–day indictment clock. They are separate statutory obligations with separate statutory "clocks." Second, even if the government were correct that the periods of excludable delay can be combined, there appear to be at least two errors in the government's calculations: i) Martinez's motion to dismiss was filed on 12/6/01, not 12/4/01, adding 2 days of non-

excludable delay; ii) the government incorrectly shows an order of exclusion ending on 3/27/02 which, in fact, ended on 3/13/02, adding 14 days of non-excludable delay.

**4.** While I am bound by the First Circuit's holding in *Goodine* that drug quantity is a sentencing factor, I do not believe that *Apprendi* is a mere procedural restraint on sentencing outcome, for reasons that are clear in several of my prior decisions. *See generally*, e.g., *U.S. v. Martinez*, 234 F.Supp.2d 80 (D.Mass.2002) (Gertner, J.); *U.S. v. Wilkes*, 130 F.Supp.2d 222, 232 (D.Mass.2001) (Gertner, J.).

At its core, *Apprendi* teaches that the distinction between "elements" and "sentencing factors" has constitutional dimension, and is *not* merely a question of legislative intent. *Apprendi* begins with the fundamental propo-

In any case, the *Goodine* court expressly limited its holding to drug quantity, leaving the other facts that drive penalties in § 841(b), such as serious bodily injury, "for another day." *Id.* at 27, n. 3. Significantly, however, the Court emphasized that drug quantity is a "classic sentencing factor," *id.* at 30, in contrast to "serious bodily injury," which the Supreme Court found to be an "element" of the carjacking statute at issue in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

As I explained at length in my earlier opinion, the parallels between *Jones* and this case are substantial:

> Both statutes have an initial section setting forth basic offense elements followed by additional sections that tie increased penalties to additional facts. Specifically, the fact of "serious bodily injury" increases the maximum penalty from 15 to 25 years in Jones and from 20 years to life here. The stark sentencing consequences of "serious bodily injury that prompted the court to draw a constitutional line in the carjacking statute at issue in *Jones* are thus even more

sition that a criminal defendant is entitled to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." 530 U.S. at 477[, 120 S.Ct. 2348]. The Court ultimately held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489[, 120 S.Ct. 2348]. Such facts, in other words, are "elements" of the crime, whatever the legislature may or may not have intended. "The judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment and found by the jury. Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense." *Id.* at 483 n. 10[, 120 S.Ct. 2348 n. 10]; *see also id.* at .495[, 120 S.Ct. 2348] ("merely because the state legislature placed its hate crime sentence 'enhancer' 'within the sentencing provisions' of the criminal code does not mean that the finding of a biased purpose to intimidate is not an essential element of the offense"); *id.* at 501[, 120 S.Ct. 2348] (Thomas, J. concurring) ("if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact ... the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime"); *id.* at 521[, 120 S.Ct. 2348] (Thomas, J. concurring) ("If a fact is by

the law the basis for imposing or increasing punishment—for establishing or increasing the prosecution's entitlement—it is an element").

In reaching the conclusion that drug quantity is a sentencing factor, the *Goodine* court examined five cases (four of them pre-*Apprendi* ) without expressly analyzing *Apprendi* itself. *See Goodine,* 326 F.3d at 28–31 (discussing *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Almendarez–Torres v. United Sates,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Castillo v. United States,* 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000); and *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)). This omission is significant because, "[r]ead together, *McMillan* and *Apprendi* mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of constitutional analysis." *Harris,* 536 U.S. at 547[, 122 S.Ct. 2406].

In any event, formalistic distinctions should not obscure what is essentially a functional inquiry. The "fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives—whether the statute calls them elements of the offense, sentencing factors, or Mary Jane—must be found by the jury beyond a reasonable doubt." *Ring v. Arizona,* 536 U.S. 584, 610, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (Scalia, J. concurring).

compelling in the case of § 841(b)(1)(C)."

*Martinez,* 234 F.Supp.2d at 86–7.[5] Moreover, the Supreme Court has emphasized that "serious bodily injury" is a classic, traditional "element" of aggravated crimes. *See Harris v. United States,* 536 U.S. 545, 553, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ("Tradition and past congressional practice ... were perhaps the most important guideposts in *Jones.* The fact at issue there—serious bodily injury—is an element in numerous federal statutes ... and the *Jones* Court doubted that Congress would have made this fact a sentencing factor in one isolated instance"). As I have explained, "there are certain traditional sentencing factors and certain traditional substantive factors" and "authority to mix the two is limited" by the Constitution. *United States v. Wilkes,* 130 F.Supp.2d 222, 232 (D.Mass.2001) (Gertner, J.). Finally, even the Sentencing Guidelines treat "serious bodily injury" more delicately than drug quantity: it must be found as part of the "offense of conviction" and not merely as "relevant conduct." *See Martinez,* 234 F.Supp.2d at 90–91.

I therefore stand by my earlier decision that serious bodily injury is an element of § 841(b) that the government must charge in the indictment and prove to the jury beyond a reasonable doubt. The Superseding Indictment was plainly untimely and the Speedy Trial Act requires that it be dismissed.

### III. *PREJUDICE*

■ In deciding whether to dismiss the indictment with or without prejudice, the court must consider three factors: 1) "the seriousness of the offense"; 2) "the facts and circumstances of the case which led to the dismissal"; and 3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). After careful consideration, I must conclude that the dismissal in this case should be without prejudice.

First, there is no dispute that the drug conspiracy and distribution charges in this case, which carry heavy penalties of twenty years to life in prison, are very serious. This weighs strongly in favor of dismissal without prejudice. *See United States v. Barnes,* 159 F.3d 4, 16 (1st Cir.1998).

Second, the circumstances leading to the delay also militate against dismissal with prejudice. As I have previously explained, the issues here are complex and, while I rejected the government's position, I could understand it testing the issue. *See id.* at 17 (rejecting dismissal with prejudice where, *inter alia,* "there is no evidence that delay was caused by bad faith conduct on the part of the prosecutor").

Third, allowing reprosecution would not have a deleterious effect on the administration of justice or enforcement of the Speedy Trial Act. As the Supreme Court has observed, "[d]ismissal without prejudice is not a toothless sanction: it forces the government to obtain a new indictment if it decides to reprosecute, and it exposes

---

5. As I also noted in the earlier opinion, the procedural protections that attach to proof of "elements" are particularly important here because § 841 potentially imposes a life sentence based on the mere fortuity of bodily injury, which the defendant may not have intended or even foreseen. *See Martinez,* 234 F.Supp.2d at 87 n. 3. In addition, the defen-

dants charged with bodily injury in this case are several steps removed from the uncharged individual who allegedly actually gave the ecstasy pill to the victim. *Cf. United States v. Hansen,* 2003 WL 1877867 at *2 n. 3 (D.Mass. Feb.14, 2003) (Gertner, J.) (questioning nature of due process limitations on vicarious liability for acts of co-conspirators).

the prosecution to dismissal on statute of limitations grounds." *United States v. Taylor,* 487 U.S. 326, 342, 108 S.Ct. 2413, 101 L.Ed.2d 297.

Finally, there will be no significant actual prejudice to the defendants since they were clearly on notice from the beginning that the government would pursue "serious bodily injury" allegations. *See Barnes,* 159 F.3d at 18.

## IV. *CONCLUSION*

For the foregoing reasons, Defendant Martinez's Motion to Dismiss [document # 109] is **ALLOWED** and the Superseding Indictment is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**