**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1188

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN DENARO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Rya W. Zobel, <u>District Judge</u>]

Before

Lipez, <u>Circuit Judge</u>,

Coffin, <u>Senior Circuit Judge</u>,

and Barbadoro,[*] <u>District Judge</u>.

<u>Richard F. Comenzo</u> for appellant.
<u>Dickens Mathieu</u>, with whom <u>Michael J. Sullivan</u>, United
States Attorney, and <u>John A. Wortman,</u> Jr., Assistant United
States Attorney, were on brief for the United States.

March 15, 2004

[*]Of the District of New Hampshire, sitting by designation.

**BARBADORO, District Judge**.  John Denaro was sentenced to 135 months in prison after pleading guilty to one count of conspiracy to distribute at least 500 grams of cocaine, three counts of possession of cocaine with intent to distribute, and two counts of distribution of cocaine.[1]  He argues on appeal that the district court should have allowed him to withdraw his guilty pleas prior to sentencing because the court did not advise him at the guilty plea hearing of the possibility that he could be subject to a 10-year mandatory minimum sentence.  He also contends that the court attributed more cocaine to him at sentencing than was permitted under the indictment or warranted based on the evidence.  Finally, he claims that the court erred in determining that he was a manager or supervisor of a criminal activity that involved five or more persons.  We affirm.

## I.

### A.        The Guilty Plea Hearing

Denaro pleaded guilty to the charges against him without the benefit of a plea agreement.  At the outset of the hearing on the proposed guilty pleas, the prosecutor explained to Denaro and the court that Denaro faced a maximum possible prison sentence of 40 years and a mandatory minimum sentence of at least five years because the charged conspiracy involved at least 500 grams of cocaine.  He then explained that the mandatory minimum sentence

---

[1]  The indictment included a criminal forfeiture count that has no bearing on the appeal.

would increase to 10 years if the court determined at sentencing that Denaro was responsible for at least five kilograms of cocaine. Denaro's counsel responded by stating his view that the drug quantity specified in the indictment limited the mandatory minimum sentence to five years. He acknowledged, however, that the prosecutor was free to argue otherwise at sentencing.

The court advised Denaro during the plea colloquy that he faced maximum possible sentences of 40 years on the conspiracy count and 20 years on each of the substantive counts. The court also initially advised him that he was subject to a five-year mandatory minimum sentence. However, the court immediately revised its statement during the following exchange:

> COURT: Because each count is a separate offense, the maximums get added up, so that the total maximum, if my math is correct, is 140 years in prison, a four-year period of supervised release, a fine of $7 million, and a special assessment of $600, <u>and a mandatory minimum also of five years. The government says, conceivably, ten years, but that's in dispute. Do you understand that?</u>
>
> WITNESS: <u>Yes.</u>

B.      **The PSR**

Denaro's Presentence Report ("PSR") concluded that he was subject to a 10-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because he was responsible for 7.066 kilograms of cocaine. The PSR based its drug quantity

-3-

determination on: (1) 412.32 grams that were seized from Denaro; (2) 1,652 grams that were derived from drug ledgers; (3) 50 grams that were attributed to Denaro by Jonathan Pierce, a distributor who worked for Denaro; and (4) 4,952 grams that were attributed to Denaro by Kyle Visco, a cooperating coconspirator.

The PSR also proposed a four level increase in Denaro's offense level pursuant to U.S.S.G. § 3B1.1(a) because it concluded that Denaro was an organizer or leader of a criminal activity that involved five or more persons. The PSR named Denaro, Pierce, Visco, Denaro's principal supplier, Yolieda Aquire, and one of his distributors, Tiffany Franklin, as the five participants in the conspiracy.

Denaro objected to the PSR on the grounds that the indictment limited the amount of cocaine that could be attributed to him to 4,999 grams, the drug quantity determination was excessive, and the proposed role in the offense adjustment was unwarranted.

C.       **The Sentencing Hearing**

Denaro moved to withdraw his guilty plea during the sentencing hearing because he claimed that the district court failed to properly advise him of the possibility that he could be subject to a 10-year mandatory minimum sentence. The court rejected his motion because it determined that Denaro had knowledge

of the potential penalties he faced when he entered his guilty pleas.

The court then turned to Denaro's objections to the PSR. After hearing testimony from Visco concerning his dealings with Denaro, the court determined that he was responsible for more than six kilograms of cocaine. It also concluded that Denaro should receive a three level role adjustment rather than the four level adjustment proposed by the PSR because he was a manager or supervisor but not an organizer or leader of a criminal activity that involved five or more participants. After making the necessary adjustments required by the sentencing guidelines, the court determined that Denaro's sentencing range was 135 to 168 months. The court selected a sentence at the bottom of the range.

**II.**

**A.**          **The Guilty Plea**

Denaro first argues that the district court erred in denying his request to withdraw his guilty plea because the court failed to properly advise him at the guilty plea hearing that he could be subject to a 10-year mandatory minimum sentence.

This claim does not require extended analysis. Although Fed. R. Crim. P. 11(b)(1) requires a court to "inform the defendant of, and determine that the defendant understands" any mandatory minimum penalty before it accepts a guilty plea, the record demonstrates that the court complied with this requirement by

advising Denaro of the government's contention that he could be subject to a 10-year mandatory minimum sentence. Given Denaro's statement at the plea hearing that he understood that he faced this possibility and the absence of any other evidence in the record suggesting that he was confused about the issue, the district court acted properly in denying his request to withdraw his guilty plea.

B.          **The Indictment**

Denaro next argues that the court attributed more cocaine to him for sentencing purposes than the indictment permitted.[2] His argument proceeds in several steps. First, he notes that the indictment alleged that the conspiracy involved "at least" 500 grams of cocaine, an amount that is sufficient to trigger a possible 40-year maximum sentence under 21 U.S.C. § 841(b)(1)(B). Second, because § 841(b)(1)(B) covers conspiracies that involve at least 500 grams but no more than five kilograms of cocaine, he reasons that the maximum amount of cocaine that the court could attribute to him for any purpose is 4,999 grams.[3] He then argues

---

[2] Denaro casts his argument as a material variance claim but this is clearly wrong. A material variance arises when the indictment differs substantially from the proof offered at trial. See, e.g., United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998). Such claims become moot when a defendant avoids trial by pleading guilty. For the reasons that we explain, however, Denaro's claim fails regardless of how it is characterized.

[3] He attempts to bolster this portion of his argument by noting that the version of the indictment he plead guilty to superceded an indictment that charged an amount in excess of five kilograms.

-6-

that the proof varied materially from the indictment because the court attributed more than six kilograms of cocaine to him at sentencing.

This argument is fatally flawed because it is based on the mistaken premise that a drug quantity allegation such as the one at issue here caps the amount of cocaine that can be attributed to a defendant at sentencing in the same way that it limits a defendant's maximum sentence under § 841(b)(1)(B). It does not. See United States v. Goodine, 326 F.3d 26, 32-33 (1st Cir. 2003). Instead, when an indictment alleges a drug quantity of "at least" a specified amount, the sentencing court is free to attribute whatever drug quantity the evidence warrants to a defendant as long as the defendant's sentence does not exceed the applicable statutory maximum sentence. See United States v. Perez-Ruiz, 353 F.3d, 1, 15 (1st Cir. 2003). Accordingly, we reject Denaro's argument that the drug quantity specified in his indictment capped the amount of cocaine that could be attributed to him at sentencing.

## C. **The Drug Quantity Determination**

Denaro next argues that the district court erred in crediting Visco's testimony concerning the amount of cocaine that Denaro sold during the life of the conspiracy. This argument is a non-starter. As we have held on many occasions, credibility determinations at sentencing are the exclusive province of the

district court.  See United States v. Sanchez, 354 F.3d 70, 83 (1st Cir. 2004); United States v. Conley, 156 F.3d 78, 85 (1st Cir. 1998); United States v. Sepulveda, 15 F.3d 1163, 1198 (1st Cir. 1993).  The district court chose to believe Visco and his testimony was sufficient to support the court's drug quantity determination.  That ends the matter.

**D.**          **The Role in the Offense Adjustment**

The district court gave Denaro a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) because it determined that he was a manager or supervisor of a criminal activity that involved five or more persons.  Denaro does not challenge the district court's determination that he was a manager or supervisor.  Instead, he faults the court for failing to specifically identify the participants in the conspiracy and argues that the record doesn't support the court's general finding that the conspiracy involved at least five such participants.

Denaro's first argument fails because we have determined that a sentencing court need not make specific findings when applying a role adjustment if "the record clearly reflects the basis of the court's determination."  See United States v. Marrero-Ortiz, 160 F.3d 768, 779 (1st Cir. 1998).  Only four persons in addition to the defendant are needed to satisfy the five person requirement, see United States v. Preakos, 907 F.2d 7, 10 (1st Cir. 1990), and the PSR specifically identified four of the defendant's

-8-

coconspirators as participants. Under these circumstances, the court did not need to specifically name the participants to justify its determination that the adjustment was warranted.

Denaro's second argument fares no better. The PSR provided a detailed description of the roles that each of the named participants played in the conspiracy and Visco's testimony at the sentencing hearing served as further corroboration. The record thus contains ample evidence to justify the court's conclusion that the four individuals named in the PSR were all active participants in the conspiracy. Since Denaro does not challenge the court's conclusion that he was a manager or supervisor of the conspiracy, the court's three-level role in the offense adjustment was proper.

**III.**

We affirm the actions of the court below because Denaro was informed of the applicable mandatory minimum sentence when he agreed to plead guilty and the court's sentencing determinations were within its discretion.

**<u>Affirmed</u>**.