**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-2340

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS ESPINOLA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Bradford Eliot Keene on brief for appellant.
Jennifer Hay Zacks, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on brief for appellee.

September 27, 2007

**Per Curiam**.   Defendant Carlos Espinola ("Espinola") appeals from his 148-month, below-guidelines sentence for conspiring to distribute oxycodone[1] in violation of 21 U.S.C. §§ 841(a), 846.   On appeal, Espinola seeks resentencing on the grounds that the district court (1) violated his due process rights by making factual findings by a preponderance of the evidence rather than beyond a reasonable doubt; (2) clearly erred in calculating the drug amount attributable to him and in finding that he possessed a firearm during the commission of the offense; (3) violated Federal Rule of Criminal Procedure 32(i)(1)(a) by failing to verify that he had read and discussed the Presentence Report ("PSR") with his counsel; (4) abused its discretion in refusing his mid-sentencing request for a continuance to gather additional evidence; and (5) erred in giving presumptive weight to the guidelines.   We will consider those arguments in that order.

Espinola's argument that due process requires that sentencing-enhancing facts, including drug weight, be found beyond a reasonable doubt has already been rejected by this court in United States v. Malouf, 466 F.3d 21, 27 (1st Cir. 2006) (decided after United States v. Booker, 543 U.S. 220 (2005)), cert. denied, 127 S. Ct. 1892 (2007).   See also United States v. Goodine, 326

---

[1]Oxycodone is a Schedule II drug, see 21 U.S.C. § 812(c); 21 C.F.R. § 1308.12, marketed as OxyContin, United States v. Wall, 349 F.3d 18, 20 (1st Cir. 2003).

F.3d 26, 32 (1st Cir. 2003) (finding the "tail-wagging-the-dog" rationale for a higher burden of proof inapplicable to judicial determinations of drug weight). This panel is not free to revisit the issue. Malouf, 466 F.3d at 27.

We review the district court's factual findings for clear error. United States v. Santos, 357 F.3d 136, 141 (1st Cir. 2004). Under that highly deferential standard of review, "if there are two plausible views of the record, the sentencing court's choice between them cannot be clearly erroneous." Id. Deference to a district court's determination of drug weight for sentencing purposes is particularly appropriate since "a determination need not be exact, but, rather, may be approximate, as long as the approximation represents a reasoned estimate." Id. Nor must the district court "discuss the reasoning underpinning its factual finding as to amount (e.g., inferences and credibility determinations)." United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006). The standard for increasing the offense level where a firearm is possessed in connection with a drug offense is similarly undemanding; the "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2B1.1, comment. (n.3).

Under those standards, the challenged factual findings readily withstand appellate review. Our review of the record, including the transcript of Espinola's trial, at which the

sentencing judge presided, confirms that the district court's estimate of drug weight was reasonable, conservative, and amply supported by the evidence.  We also find reasonable the court's inference that the gun that Espinola undisputedly possessed for security during drug transactions was real rather than a toy or a replica.

Espinola next faults the district court for failing, at sentencing, to "verify that the defendant and the defendant's attorney ha[d] read and discussed the presentence report and any addendum to the report," as required by Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure.  Because this argument was not raised below, we review only for plain error, United States v. Olano, 507 U.S. 725, 732-34 (1993), and find none.  Where, as here, it is clear from the record that Espinola's counsel was thoroughly familiar with the PSR, "we will not assume that defense counsel did not discuss so critically important a document with his client, especially since appellant claims no such dereliction."  United States v. Cruz, 981 F.2d 613, 620 (1st Cir. 1992).  Nor has Espinola alleged, much less shown, any prejudice warranting relief under the plain error standard.  See United States v. Esparza-Gonzalez, 268 F.3d 272, 273-74 (5th Cir. 2001). As another circuit recognized under similar circumstances, "[t]o remand when no prejudice exists is to require the district court to undergo an

exercise in futility in order to obtain the same sentence." United States v. Rangel-Arreola, 991 F.2d 1519, 1526 n.5 (10th Cir. 1993).

Espinola next argues that the district court's failure to grant his mid-sentencing request for a continuance warrants a remand for resentencing. Requests for continuances of sentencing are disfavored given the district court's obligation to "impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). "A trial court has wide discretion to grant or deny a request for continuance, and so . . . '[o]nly an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay' would amount to an abuse of that discretion." United States v. Fink, 2007 WL 2326822, at *7 (1st Cir. Aug. 16, 2007). The issue on which Espinola sought time to gather additional evidence was mentioned in the PSR, which his counsel received approximately a month before sentencing, and was also raised in Espinola's sentencing memorandum, filed two weeks before sentencing. Yet Espinola did not seek a continuance until the court ruled against him on this issue during the sentencing hearing. Under those circumstances, there was nothing "unreasoning" or "arbitrary" about proceeding with the sentencing that day.

Finally, Espinola argues that the district court erred in characterizing the applicable guidelines range as "presumptive." In this circuit, no such presumption applies. United States v.

-5-

Jiménez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc), cert. denied, 127 S. Ct. 1907 (2007).  However, it is clear from the sentencing proceeding as a whole, not only from what the court said elsewhere--expressly considering the other factors enumerated in 18 U.S.C. § 3553(a)--but also from what it did--applying those factors in sentencing Espinola three months below the applicable guideline range--that the court understood the proper role of the guidelines as articulated in Jiménez-Beltre and its progeny.  Accordingly, no purpose would be served by remanding this case for resentencing under a rephrased standard.  See United States v. Jahagirdar, 466 F.3d 149, 157 (1st Cir. 2006).

Affirmed.  See 1st Cir. R. 27.0(c).