Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 10-1110

UNITED STATES,

Appellee,

v.

JEAN COLON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, U.S. District Judge]

Before

Boudin, Howard and Thompson,
Circuit Judges.

Victoria M. Bonilla and Bourbeau & Bonilla, LLP on brief for appellant.
Kelly Begg Lawrence, Assistant U.S. Attorney, Dina Michael Chaitowitz, Assistant U.S. Attorney, Chief of Appeals, and Carmen M. Ortiz, U.S. Attorney, on Motion for Summary Disposition for appellee.

September 2, 2010

**Per Curiam**.  Defendant-appellant Jean Colon appeals from his 120-month prison sentence, the statutory mandatory minimum sentence imposed on the basis of the district court's determination by a preponderance of the evidence that he was accountable for five kilograms of cocaine in connection with the conspiracy charge to which he pled guilty.  The government has filed a motion for summary disposition.  We affirm.

### I. Apprendi Challenge

Colon asks this court to overrule its precedents holding that judicially-found facts may be used to increase a mandatory minimum sentence without running afoul of the Sixth Amendment. See United States v. Malouf, 466 F.3d 21, 27 (1st Cir. 2006). Appellant relies upon recent concurring opinions by Justices Stevens and Thomas in United States v. O'Brien, 130 S.Ct. 2169 (2010), urging that "McMillan and Harris should be overruled, at least to the extent that they authorize judicial factfinding on a preponderance of the evidence standard of facts that 'expos[e] a defendant to [a] greater punishment than what is otherwise legally prescribed . . . '" Id. at 2183 (Stevens, J., concurring). However, "[t]he Supreme Court has repeatedly instructed lower courts that only it has the prerogative to overrule its own decisions." United States v. Siciliano, 578 F.3d 61, 69 n. 5 (1st Cir. 2009).  Until the Supreme Court overrules them, McMillan v. Pennsylvania, 477 U.S. 79 (1986) and Harris v. United States, 536

U.S. 545 (2002) remain good law. See United States v. Vilches-Navarrete, 523 F.3d 1, 20 n. 14 (1st Cir. 2008). The district court correctly concluded that it was required to abide by the statutory mandatory minimum sentence that corresponded to its drug quantity finding.

## II. Individualized Drug Quantity Finding

"When sentencing a participant in a drug-trafficking conspiracy, the district court must make an individualized finding concerning the quantity of drugs attributable to, or reasonably foreseeable by, the offender." United States v. Cintron-Echautegui, 604 F.3d 1, 5 (1st Cir. 2010). Similarly, "to apply the mandatory minimum to a particular coconspirator, the sentencing court must make a specific finding, supportable by a preponderance of the evidence, ascribing the triggering amount to that coconspirator." United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004). Here the triggering amount that established the 120-month mandatory minimum sentence was 5 kilograms of cocaine. Appellant argues that the sentencing court failed to make such an individualized drug quantity determination. "Because the question of whether the district court's drug quantity determination was based on an individualized determination or not presents a question of law, our review is *de novo*." Cintron-Echautegui, 604 F.3d at 5.[1]

---

[1] The government maintains that plain error review should apply because appellant failed to raise this argument before the district court. It is unnecessary to decide that question,

The transcript of the sentencing disposition clearly demonstrates that the district court made the requisite individualized finding with respect to the drug quantity for which Colon was responsible. It specifically found that there was an intention and an agreement between Colon and his co-defendant Alexander Sanchez to supply five kilograms of cocaine, that Colon "was capable of acquiring additional kilograms of cocaine," beyond the three kilograms that were recovered, and that both Colon and Sanchez were members of the conspiracy. That constitutes an individualized finding that five kilograms of cocaine was a drug quantity that was attributable to, or foreseeable by, Colon as a member of the conspiracy.

### III. Evidentiary Support for Drug Quantity Finding

"The sentencing court must determine drug quantity only by a preponderance of the evidence. A sentencing court's determination of drug quantity is a finding of fact and, as such, will be upheld on appeal unless it is clearly erroneous. Clear error will be found only when, upon whole-record-review, an inquiring court 'form[s] a strong, unyielding belief that a mistake has been made.'" Cintron-Echautequi, 604 F.3d at 6. Having carefully reviewed the entire record, we are not persuaded that

---

however, because appellant's claim cannot survive even *de novo* review.

such a mistake was made with respect to the court's drug quantity determination.

Appellant relies upon note 12 of U.S.S.G. §2D1.1, which provides that the "agreed-upon quantity" shall be reduced to exclude "the amount of controlled substance that the defendant establishes that the defendant . . . was not reasonably capable of providing or purchasing." Id. However, it is the defendant's burden to "prove[] that the transaction could not have been accomplished." United States v. Campusano, 556 F.3d 36, 40 (1st Cir. 2009). Appellant relies largely upon the fact that co-defendant Matthew Leonard was sentenced for his participation in the same conspiracy on the basis of a drug quantity of only four kilograms.

The discrepancy between the drug quantities for which Colon and Leonard were held responsible does not establish that the court's drug quantity finding with respect to Colon was clearly erroneous. The record does not indicate that Leonard participated in the recorded negotiations between Sanchez and Colon and the cooperating witness and undercover officer for the delivery of five kilograms. Therefore, the Probation Office may have concluded that there was not sufficient evidence to find that Leonard could have foreseen that five kilograms would be distributed as part of the conspiracy. Although the record indicates that the three kilograms that were delivered were supplied by Leonard, the record does not

establish who would supply the additional two kilograms that were promised by Colon and Sanchez. The sentencing court referenced Leonard as one potential source of supply, but the government's evidence that co-conspirators Sanchez and Eric Gonzalez participated in other multi-kilogram cocaine transactions in the fall of 2007 did not specify who the supplier was. On this record, the court was not required to find that Leonard was the only possible supplier of the additional two kilograms. Therefore, the fact that Leonard was held responsible for only four kilograms of cocaine as a participant in the conspiracy does not amount to proof that Colon and Sanchez did not have the capacity to obtain the additional two kilograms that they had negotiated to supply to the undercover officer. The district court's drug quantity determination was not clearly erroneous.

Affirmed. See 1st Cir. R. 27.0(c).