**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-2282

UNITED STATES,

Appellee,

v.

JOSE PORTORREAL, a/k/a Jose Ramon Portorreal-Pena,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before
Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Derege B. Demissie and Demissie & Church on brief for appellant.
Jennifer Hay Zacks, Assistant U.S. Attorney, and Carmen M. Ortiz, United States Attorney on Motion for Summary Disposition for appellee.

February 15, 2011

**Per Curiam**.  This is a direct criminal appeal in which the government has moved for summary disposition.  We grant its motion.

## I.  Background

Jose Portorreal pled guilty to a cocaine conspiracy offense under 21 U.S.C. § 846.  At his plea hearing, he admitted participating only in a single three-kilogram transaction, conceding as well that he was personally responsible for that amount.  The government claimed that Portorreal was responsible for at least five kilograms of cocaine.  After accepting Portorreal's guilty plea, the district court held evidentiary hearings addressing the disputed drug quantity issue.  Crediting the government's evidence, it found Portorreal responsible for well over five kilograms of cocaine.  After calculating his advisory guideline sentencing range, the district court imposed a below-guideline sentence of 272 months, less than 23 years.  Portorreal then filed this appeal.

## II.  Discussion

On appeal, Portorreal seeks vacatur of his guilty plea, or at least a remand for resentencing based on the three-kilogram amount of cocaine he admitted to.  His central contention is that the district court erroneously treated drug quantity as a sentencing factor and not as an element of his conspiracy offense during the change-of-plea and sentencing proceedings.

We review Portorreal's claims, which are raised in this court for the first time, for plain error. United States v. Jiminez, 498 F.3d 82, 85 (1st Cir. 2007) (involving defaulted objections to the plea hearing); United States v. Salas-Fernández, 620 F.3d 45, 48 (1st Cir. 2010) (involving defaulted sentencing objections). Portorreal has not satisfied the plain error standard. He misconstrues the import of Apprendi v. New Jersey, 530 U.S. 466 (2000), relies on inapposite case law, and overlooks the binding precedent in this circuit.

As Apprendi requires, Portorreal received a sentence that was within the statutory maximum for the drug quantity he admitted to at his plea hearing. 530 U.S. at 490; see 21 U.S.C. § 841(b)(1)(B) (a 40-year maximum applies to offenses involving at least 500 grams of cocaine but less than five kilograms).

"The quantity of drugs is not an element of conspiracy under § 846, nor is it an element of the underlying controlled substances offense[.]" United States v. González-Vélez, 466 F.3d 27, 35 (1st Cir. 2006). It is a sentencing factor that may be found by district courts based on a preponderance of the evidence, even if their factfinding elevates the applicable § 841(b)(1) mandatory minimum sentence. United States v. Goodine, 326 F.3d 26, 31-34 (1st Cir. 2003) (finding § 841(b)(1)'s "incremental" changes in the mandatory minimums based on drug quantity to be permitted by

Harris v. United States, 536 U.S. 545, 554 (2002), which considered a sentencing provision in a firearm statute, 18 U.S.C. § 924(c)).

The Supreme Court's recent opinion in United States v. O'Brien, 130 S. Ct. 2169 (2010), is distinguishable. See id. at 2177 (construing the sentencing provision in § 924(c)(1)(B)(ii), which involved a "drastic, sixfold" increase in the mandatory minimum for certain firearm offenses, and distinguishing the "incremental" increase in Harris). Portorreal's reliance on the O'Brien concurring opinions is also unavailing. See United States v. Colon, 391 Fed. Appx. 890, 2010 WL 3432816 *1 (1st Cir. 2010) (unpublished per curiam) (rejecting arguments based on the O'Brien concurring opinions and stating that Harris, supra, and another similar Supreme Court case remain "good law" until overruled by the Court itself).

Finally, United States v. Santo, 225 F.3d 92 (1st Cir. 2000) (majority opinion), is also distinguishable. Unlike Portorreal, the defendant in that case pled guilty after being given inaccurate advice about his § 841(b)(1) mandatory minimum sentence, which prevented him from being able to "realistically decide whether to plead guilty." Id. at 98-99.

Under Goodine, supra, the claim that defense counsel rendered ineffective assistance by not objecting to the district court's treatment of drug quantity as a sentencing factor necessarily fails. Consistent with our usual practice, we decline

-4-

to consider Portorreal's remaining ineffective assistance claims, without prejudice to his raising those claims in a timely post-conviction motion filed under 28 U.S.C. § 2255.  See United States v. Martins, 413 F.3d 139, 155 (1st Cir. 2005) (declining to address an ineffective assistance claim on a record that was not fully developed).

The district court's judgment is affirmed.  See 1st Cir. Loc. R. 27.0(c).