# United States Court of Appeals
## For the First Circuit

---

No. 00-1674

UNITED STATES OF AMERICA,

Appellee,

v.

CAROLYN A. ROBINSON,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,

Circuit Judges.

---

Darla J. Mondou, by appointment of the court, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Richard W. Rose, Assistant United States Attorney, were on brief, for appellee.

---

March 6, 2001

---

**SELYA, Circuit Judge.**  A petit jury convicted defendant-appellant Carolyn A. Robinson of trafficking in crack cocaine.  The district court thereafter sentenced her to spend 121 months in prison.  In this appeal, she mounts a tripartite challenge to her sentence, hinging all three prongs on Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) — an opinion handed down by the Supreme Court well after she was sentenced.  We conclude that Apprendi is inapposite and therefore affirm the judgment below.

## I.

### Background

We previously upheld the conviction and sentence of the appellant's son, Phillip Robinson, who was tried with her in the district court.  See United States v. Robinson, 144 F.3d 104 (1st Cir. 1998).  Here, we merely sketch the circumstances of the offenses of conviction, referring the reader who hungers for additional details to our earlier opinion.  See id. at 105-06.

On January 6, 1997, Providence police officers executed a warrant to search the appellant's home for articles related to the sale and use of narcotics.  When the police entered the dwelling, they found the appellant in the kitchen.  Fourteen small bags of cocaine base, packaged for individual sale, were

in plain view on the kitchen table. The ensuing search revealed more cocaine base, drug paraphernalia, a loaded gun, and $1,800 in cash. The gun, the cash, and a digital scale of the type commonly used to weigh cocaine were found in the appellant's bedroom.

The appellant was tried and convicted on one count of possessing cocaine base with intent to distribute and one count of conspiracy to possess cocaine base with intent to distribute. See 21 U.S.C. §§ 841(a)(1), 846. At the disposition hearing, held on September 17, 1997, the district court used a preponderance-of-the-evidence standard to make several findings of consequence to the length of the appellant's sentence. First, although the indictment did not mention a specific amount of cocaine base and the jury was not asked to make any finding in that regard, the court determined that the relevant quantity of cocaine base for sentencing purposes was 35.33 grams. This amount included the 9.63 grams that the police had discovered in the appellant's house, plus a "drug equivalent" calculated by converting the $1,800 found in the appellant's bedroom into 25.7 grams of cocaine base.[1] Second, the court determined by a

_____

[1]The court essayed this conversion after determining by a preponderance of the evidence that the seized cash could be traced to the appellant's drug trafficking. See United States v. Sepulveda, 15 F.3d 1161, 1201 (1st Cir. 1993) ("When it is reasonably probable that confiscated cash represents either drug

preponderance of the evidence that the cocaine base was, in fact, crack cocaine.[2] Third, the court ascertained, again by a preponderance of the evidence, that the loaded gun hidden in the appellant's bedroom had a significant connection to her drug-trafficking activity and therefore made a two-level upward adjustment to the appellant's base offense level. See USSG §2D1.1(b)(1). These findings, in the aggregate, resulted in a guideline sentencing range of 121-151 months (offense level 32; criminal history category I). The court sentenced the appellant at the nadir of the range. After an unfortunate delay due to some sloppy lawyering by the appellant's prior counsel, this appeal eventuated.

## II.

## Analysis

The rule set out in Apprendi is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120

---

profits or money dedicated to the upcoming purchase of contraband, a sentencing court may convert the cash into equivalent amounts of narcotics for 'relevant conduct' purposes."); see also USSG §2D1.1, comment. (n.12) ("Where . . . the amount [of contraband] seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.").

[2]We upheld this finding in Robinson, 144 F.3d at 107-09.

S. Ct. at 2362-63.  The appellant grounds her three-pronged sentencing challenge on this newly-elaborated constitutional mandate.

Our inquiry starts, as any Apprendi inquiry must start, with a delineation of the penalties normally associated with the counts of conviction.  In this instance, the jury convicted the appellant on one count of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of conspiring to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846.  Because the penalty provision of section 846 tracks the penalties provided for violations of section 841(a)(1), we focus on the latter.

21 U.S.C. § 841(a)(1) renders it unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." This statute covers cocaine base.  See 21 U.S.C. § 812(c), Sched. II(a)(4).  The penalties for violating section 841(a)(1) are articulated in 21 U.S.C. § 841(b).  That statute designates three different sentencing regimes based on drug quantity (as well as on other factors not relevant here, such as whether death or serious bodily harm resulted from the proscribed

-5-

activity).[3]  The most onerous penalties are associated with violations of 21 U.S.C. § 841(a)(1) that involve fifty grams or more of a substance containing cocaine base; such a violation exposes the perpetrator to a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment.  Id. § 841(b)(1)(A).  The next most onerous sanctions are linked to violations that involve five grams or more of a substance containing cocaine base; such a violation exposes the perpetrator to a mandatory minimum sentence of five years and a maximum sentence of forty years.  Id. § 841(b)(1)(B).  The third and final tier — the catchall provision — directs that all other violations involving detectable amounts of cocaine base shall carry a maximum sentence of twenty years, but omits all mention of a mandatory minimum.  Id. § 841(b)(1)(C).  Thus, the default statutory maximum for a violation of 21 U.S.C. § 841(a)(1) involving cocaine base is twenty years.

In this venue, the appellant makes three related arguments, each of which is premised on Apprendi.  First, she maintains that it was error for the district court to enhance her sentence based on facts (e.g., drug quantity) that it had

---

[3]The penalty provisions of section 841(b) apply somewhat differently to various types and quantities of controlled substances.  We limit our discussion here to substances containing detectable amounts of cocaine base.

found only by a preponderance of the evidence.  Second, she

complains that the district court's defective factfinding

exposed her to a maximum sentence of forty years, and she

contends that Apprendi forecloses that result.  Third, she

asseverates that her sentence is invalid because the lower

court's methodology exposed her to a mandatory minimum sentence

of five years.[4]  Because the appellant did not raise any of these

issues below, we review her claims for plain error.  See United

States v. Terry, ___ F.3d ___, ___ (1st Cir. 2001) [No. 00-1079,

slip op. at 17]; United States v. Mojica-Baez, 229 F.3d 292,

306-07 (1st Cir. 2000).


## A.

## The District Court's Factfinding

The appellant contends that her sentence offends

Apprendi because several of the constituent facts upon which the

district court predicated its guideline computations (and,

hence, the sentence that it levied) were determined by the judge

under the preponderance-of-the-evidence standard instead of by

the jury under the more rigorous beyond-a-reasonable-doubt

---

[4]As we noted previously, section 841(b)(1)(B) carries a
mandatory minimum sentence of five years while section
841(b)(1)(C) boasts no mandatory minimum.

standard.  The appellant's premise is impeccable:  the court made the critical findings (e.g., drug weight) according to a preponderance-of-the-evidence standard, and those findings adversely influenced the length of the appellant's sentence. Nevertheless, the appellant's conclusion is wrong.

In the last analysis, the court meted out only a 121-month sentence — a sentence below the lowest statutory maximum for trafficking in cocaine base.  See 21 U.S.C. § 841(b)(1)(C) (establishing twenty-year maximum).  No Apprendi violation occurs when the district court sentences a defendant below the default statutory maximum, even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed. United States v. Caba, ___ F.3d ___, ___ (1st Cir. 2001) [No. 00-1493, slip op. at 4-5]; Terry, ___ F.3d at ___ [slip op. at 18-19]; United States v. Houle, 237 F.3d 71, 79-80 (1st Cir. 2001); United States v. LaFreniere, 236 F.3d 41, 50 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27, 41 (1st Cir. 2001); accord United States v. Garcia, ___ F.3d ___, ___ (2d Cir. 2001) [2001 WL 167018, at *4]; United States v. Thompson, 237 F.3d 1258, 1262-63 (10th Cir. 2001); United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000); United States v. Kinter, 235 F.3d 192, 202 (4th Cir. 2000); United States v. Gerrow, 232 F.3d 831, 834-35

(11th Cir. 2000) (per curiam); United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam), cert. denied, ___ S. Ct. ___ (2001); Hernandez v. United States, 226 F.3d 839, 841-42 (7th Cir. 2000); United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000).

The appellant's contrary argument relies principally on United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000). That case is readily distinguishable. There, the defendant was convicted of marijuana trafficking and sentenced based on a judicial determination of drug quantity. Id. at 1056-57. Referencing 21 U.S.C. § 841(b)(1)(D), the court of appeals determined the default statutory maximum for an unspecified amount of marijuana to be five years in prison. Id. at 1059. Since Nordby had been sentenced to a term longer than the default statutory maximum without a jury finding on drug weight, the court vacated his sentence. Id. at 1061-62. The distinction between Nordby and the case at bar is obvious: Nordby received a sentence in excess of what the court determined to be the default statutory maximum (thus implicating the rule in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 120 S. Ct. at 2362-63), whereas the appellant here received a

-9-

sentence lower than the default statutory maximum for trafficking in an unspecified amount of cocaine base (thus escaping the <u>Apprendi</u> proscription). We therefore reject both the appellant's reliance on <u>Nordby</u>[5] and the first prong of her <u>Apprendi</u> challenge.

## B.

### Exposure Simpliciter

Although the appellant received a sentence beneath the twenty-year statutory maximum for an unspecified amount of cocaine base, the court's overall drug quantity calculation (35.33 grams) placed her in the second statutory tier and theoretically exposed her to a forty-year sentence. <u>See</u> 21 U.S.C. § 841(b)(1)(B) (establishing a maximum sentence of forty years for violations of section 841(a)(1) that involve five grams or more of a substance containing cocaine base). Since the court's finding exposed her to this higher statutory maximum, the appellant posits, that finding (and, consequently, her sentence) offends <u>Apprendi</u>.

---

[5]The appellant likewise hawks an unpublished Fourth Circuit opinion, <u>United States</u> v. <u>Lewis</u>, No. 99-4714, 2000 WL 1390065 (4th Cir. Sept. 26, 2000). <u>Lewis</u> lacks precedential value. <u>See</u> 4th Cir. R. 36(c); 1st Cir. R. 36(b)(2)(F). In all events, the case is functionally identical to <u>Nordby</u> (and, thus, adds nothing to the appellant's argument).

This argument does not flow naturally from <u>Apprendi</u>. After all, the Court there did not deal with a defendant's theoretical exposure to a sentence beyond the default statutory maximum. Instead, the Court dealt with a sentence that actually exceeded the default statutory maximum: Apprendi himself pleaded guilty to possessing a firearm for an unlawful purpose, an offense that carried a maximum ten-year sentence, and the trial court increased this sentence to twelve years based on its finding that he had acted with racial animus. 120 S. Ct. at 2352.

The appellant brushes aside this distinction. Although the Supreme Court's opinion did no more than invalidate that portion of the sentence that exceeded the basic statutory maximum, <u>id.</u> at 2363-67, the appellant reads it as hinting broadly that the Justices might in the future cast their net more widely, <u>see</u> <u>id.</u> at 2363, <u>quoting</u> <u>Jones</u> v. <u>United States</u>, 526 U.S. 227, 252 (1999) (Stevens, J., concurring), to the effect that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." This means, the appellant suggests, that a fact (other than a prior conviction) that exposes a criminal defendant to a sentence in excess of the default statutory

-11-

maximum always must be submitted to the jury and proven beyond a reasonable doubt, even though the sentence actually imposed does not outstrip that maximum.

This argument is not woven entirely out of the gossamer threads of serendipitous surmise. At least one court seems to have interpreted Apprendi as applying whenever a defendant is exposed to a higher statutory maximum, regardless of the severity of the sentence actually imposed. See United States v. Garcia-Guizar, 234 F.3d 483, 488 (9th Cir. 2000) (finding Apprendi error where judge's determination of drug quantity increased the statutory maximum to which the defendant was exposed, notwithstanding that the actual sentence did not exceed the original statutory maximum);[6] Nordby, 225 F.3d at 1056 (declaring Apprendi's holding to be "that a fact that increases the prescribed statutory maximum penalty to which a criminal defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt").

We nonetheless decline the appellant's invitation to expand the Apprendi rule. As said, Apprendi's actual holding is

_____

[6]While the Garcia-Guizar court held that it was Apprendi error for the defendant to have been exposed to an enhanced statutory maximum as a result of a fact found by a judge on a preponderance-of-the-evidence standard, the defendant did not profit; the court deemed the error harmless because the defendant's actual sentence was below the basic statutory maximum. 234 F.3d at 488-89.

that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. Giving these words their plain meaning, sentence-enhancing facts still may be found by the judge under a preponderance-of-the-evidence standard as long as those facts do not result in a sentence that exceeds the original statutory maximum. Indeed, the Apprendi Court itself commented that nothing in the history of criminal jurisprudence "suggests that it is impermissible for judges to exercise discretion . . . in imposing a judgment within the range prescribed by statute." Id. at 2358 (emphasis in original); see also Edwards v. United States, 523 U.S. 511, 513-15 (1998) (confirming that sentencing judges are authorized to determine the amount and kind of controlled substances for which a defendant may be held responsible, as long as the resulting sentence is within the otherwise-applicable statutory maximum). Thus, theoretical exposure to a higher sentence, unaccompanied by the imposition of a sentence that in fact exceeds the otherwise-applicable statutory maximum, is of no consequence.

This interpretation of Apprendi does no more than make explicit what our earlier cases have held implicitly. E.g., Houle, 237 F.3d at 78-81 (finding no Apprendi error where actual

sentence was below lowest statutory maximum for cocaine trafficking even though defendant was theoretically exposed to life imprisonment); LaFreniere, 236 F.3d at 48-50 (finding no Apprendi error where actual sentence was below lowest statutory maximum for heroin trafficking even though defendant was theoretically exposed to life imprisonment). Moreover, our conclusion that the Apprendi rule is not transgressed by purely theoretical exposure to a sentence higher than the default statutory maximum finds solid support in Williams, 235 F.3d at 863, in which the Third Circuit held squarely that exposure to an enhanced statutory maximum, without more, does not constitute Apprendi error. The same tenet is embedded in the decisions of other courts of appeals. See, e.g., Keith, 230 F.3d at 785-87 (finding Apprendi inapplicable when defendant was sentenced under lowest statutory maximum for trafficking in cocaine base, notwithstanding defendant's theoretical exposure to immurement in excess of that maximum); Aguayo-Delgado, 220 F.3d at 933-34 (to like effect in case involving methamphetamine trafficking).

If more were needed — and we doubt that it is — another powerful consideration buttresses this view. The appellant's interpretation of Apprendi, carried to its logical conclusion, would eviscerate the federal sentencing guidelines. We do not believe that the Court would have set in motion such a sea

-14-

change in the law of sentencing without explicitly addressing the issue. Cf. Garcia, ___ F.3d at ___ [2001 WL 167018, at *4] ("Until advised to the contrary by the Supreme Court, we do not believe that a sentencing judge's traditional fact-finding has been replaced by a requirement of jury fact-finding.").

In fine, the Apprendi rule applies only in situations in which a judge-made factual determination actually boosts the defendant's sentence beyond the basic statutory maximum. See Baltas, 236 F.3d at 41. Theoretical exposure to a higher maximum punishment, in and of itself, is not enough. Because the appellant in this case received a sentence below the default statutory maximum, we reject her importuning that her theoretical exposure to a higher statutory maximum invalidates the judge-found facts that increased her guideline sentencing range (or, for that matter, invalidates the 121-month sentence actually imposed).

## C.

### Mandatory Minimum Sentences

The appellant's final argument derives from the fact that the statute under which she was sentenced, 21 U.S.C. § 841(b)(1)(B), provides for a mandatory minimum sentence of five years. Building on this foundation, she endeavors to persuade us that the Apprendi rule extends to the situation in which a

-15-

mandatory minimum sentence is imposed based on a preponderance-of-the-evidence judicial determination of drug quantity.  We are not convinced.

The principal problem with the appellant's thesis is that she lacks standing to mount the challenge.  Her sentence was not premised on the five-year mandatory minimum set out in section 841(b)(1)(B), but, rather, on the applicable sentencing guidelines.  Thus, even if her thesis had some bite, it would not assist her here.  See Houle, 237 F.3d at 80 (finding Apprendi inapposite in analogous circumstances where defendant was sentenced pursuant to the sentencing guidelines, not by reference to a statutory mandatory minimum).

We hasten to add that the appellant's thesis would be doomed to failure in any event.  In McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Supreme Court upheld a state statute requiring a sentencing judge to impose a mandatory minimum sentence if the judge found, by a preponderance of the evidence, that the defendant possessed a firearm during the commission of the offense of conviction.  Id. at 81-93.  It is beyond question that McMillan survives Apprendi.  See Apprendi, 120 S. Ct. at 2361 n.13 (confirming that the Court did not intend to overrule McMillan, albeit noting that McMillan's holding was limited to cases that "do not involve the imposition of a sentence more

-16-

severe than the statutory maximum for the offense established by the jury's verdict"). And since McMillan clearly allows a fact that triggers a mandatory minimum sentence to be found by a judge using a preponderance-of-the-evidence standard as long as the mandatory minimum does not exceed the otherwise-applicable statutory maximum, 477 U.S. at 87-88, it forecloses the appellant's argument.

The appellant makes a last-ditch effort to undermine this conclusion. She points out that the Supreme Court, after deciding Apprendi, vacated the decision in United States v. Jones, 194 F.3d 1178 (10th Cir. 1999), and remanded that case for further proceedings. 120 S. Ct. 2739 (2000). The appellant boldly asserts that this remand order inflicted a "death blow" on McMillan. Appellant's Br. at 15. We do not agree. The defendant in Jones had been sentenced to thirty years for peddling cocaine base, see 194 F.3d at 1183 — a sentence well above the twenty-year default statutory maximum limned in 21 U.S.C. § 841(b)(1)(C). Jones, then, is a classic Apprendi case, and has nothing to do with the vitality vel non of McMillan.[7]

_____

[7]In a further attempt to sustain her thesis, the appellant cites a concurring opinion in Apprendi which argues that a fact triggering a mandatory minimum should be submitted to the jury and found beyond a reasonable doubt. 120 S. Ct. at 2379-80 (Thomas, J. concurring). Justice Thomas's concurrence is explicitly denominated as an explanation of his view that the Court should have adopted a broader rule, id. at 2367, and is

-17-

## III.

### Conclusion

We need go no further. While <u>Apprendi</u> shifted the tectonic plates insofar as criminal sentencing is concerned, its impact is far less disruptive than the appellant assumes. For the reasons explicated above, we conclude that the district court correctly anticipated the <u>Apprendi</u> rule and that its imposition of a 121-month incarcerative sentence in this case is fully consistent with the strictures of that rule.

**Affirmed**.

---

not binding on us.