**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary William MINORE, aka Skip,
Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Arthur Torsone, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Prommateta Chinawat, Defendant–
Appellant.

Nos. 99–30381, 00–30025 and 00–30052.

United States Court of Appeals,
Ninth Circuit.

Sept. 10, 2002.

Annette L. Hayes, Seattle, WA, for Plaintiff–Appellee.

Lee Covell, Seattle, WA, for Defendant–Appellant, Gary William Minore.

Scott A. Schumacher, Chicoine & Hallett, P.S., Seattle, WA, for Defendant–Appellant, Arthur Torsone.

Jennifer Shaw, Aoki &. Sakamoto, Seattle, WA, for Defendant–Appellant, Prommateta Chinawat.

Before: B. FLETCHER and FISHER, Circuit Judges, and SCHWARZER,[*] Senior District Judge.

ORDER; Dissent by Judge SCHWARZER.

### ORDER

Judge B. Fletcher and Judge Fisher voted to deny appellee's petition for panel rehearing. Judge Schwarzer voted to grant the petition for panel rehearing.

Appellee's petition for panel rehearing, filed July 30, 2002, is DENIED.

Judge Schwarzer's dissent from the denial of the petition for panel rehearing is attached.

SCHWARZER, Senior District Judge, dissenting:

I dissent from the denial of the government's petition for panel rehearing, filed July 30, 2002. As the government points out, when the panel states that "for purposes of plain error review, a defendant's substantial rights are affected by Rule 11 error where the defendant proves that the court's error was not minor or technical and that he did not understand the rights at issue when he entered his guilty plea," it parts ways with all of the circuits that have considered the issue, as well as its own precedents. The post-*Apprendi* decision in *United States v. Martinez,* 277 F.3d 517, 532 (4th Cir.2002), holds that to establish that defendant's substantial rights were affected, he "must demonstrate that, absent the Rule 11 error, he would not have entered into the plea agreement." Similarly the Fifth Circuit, sitting en banc, held

> To determine whether a Rule 11 error is harmless (i.e., whether the error affects substantial rights) we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty; that is, whether "flawed compliance with . . . Rule 11 . . . may reasonably be viewed as having been a material factor affecting [defendant's] decision to plead guilty."

*United States v. Johnson,* 1 F.3d 296, 302 (5th Cir.1993) (en banc). The same principle was followed in *United States v. Westcott,* 159 F.3d 107, 113 (2d Cir.1998); *Unit-*

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

ed States v. Noriega–Millan, 110 F.3d 162, 167 (1st Cir.1997); *United States v. McCarthy*, 97 F.3d 1562, 1575 (8th Cir. 1996); *United States v. Dewalt*, 92 F.3d 1209, 1213–14 (D.C.Cir.1996); *United States v. Padilla*, 23 F.3d 1220, 1222 (7th Cir.1994); and *United States v. Vaughn*, 7 F.3d 1533, 1535 (10th Cir.1993). And this court, only recently, rejected a Rule 11 challenge to a plea, stating:

> However, the district court's omission simply does not appear to have affected the outcome of the proceedings below— that is, Littlejohn's decision to plead guilty. The record conclusively demonstrates that a section 862 warning would not have made any difference to Littlejohn's decision to plead guilty.

*United States v. Littlejohn*, 224 F.3d 960, 970 (9th Cir.2000). *See also, United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir.2002), stating, with reference to a Rule 11 error, that "[a] 'plain error' must be clear and obvious, *'highly prejudicial'* and must affect 'substantial rights.'" (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)) (emphasis added); *United States v. Castillo–Casiano*, 198 F.3d 787, 790 (9th Cir. 1999), stating that "in most cases, the third prong of the plain error test [affecting substantial rights] calls on the court of appeals to conduct a harmless error inquiry in order *to determine if the error was prejudicial* to the defendant." (Emphasis added.)

Thus, the panel's conclusion that the error affected Minore's substantial rights without a determination that the error was prejudicial appears to be at odds with established law. I respectfully submit that the opinion should be revised as requested in the government's petition.