UNITED STATES of America, Plaintiff–Appellee,

v.

**Frederico Angel VILLALOBOS, aka, Julio Rodriguez–Ramirez, Defendant–Appellant.**

No. 01–30066.

United States Court of Appeals, Ninth Circuit.

Submission Deferred June 13, 2002.

Submitted March 3, 2003.*

Filed June 27, 2003.

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Santiago E. Juarez, Espanola, NM, for the defendant-appellant.

John McKay, Bruce F. Miyake, United States Attorneys, Seattle, WA, for the plaintiff-appellee.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

Opinion by Judge BROWNING; Dissent by Judge GOULD.

## OPINION

BROWNING, Circuit Judge.

Frederico Angel Villalobos[1] pled guilty to one count of conspiracy to distribute heroin and stipulated that between 100–400 grams of heroin were involved. Before sentencing, Villalobos moved to withdraw his plea, arguing that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) had changed the government's burden of proof as to drug quantity and that his pre-*Apprendi* plea was not knowing, intelligent and voluntary.

The district court denied the motion and sentenced Villalobos to 60 months. He appeals. We reverse and remand.

## I. Facts and Procedural History

Villalobos was indicted on two counts of violating drug laws. Count one charged conspiracy to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A),[2] and 846. Count two alleged possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. The indictment alleged that each count involved one kilogram or more of heroin.

The plea agreement and plea colloquy focused only on count 1, charging conspiracy to distribute heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and specified that the government would have the burden of proving two elements beyond a reasonable doubt: (1) that there was an agreement between two or more persons to distribute heroin during the relevant time period; (2) that Villalobos became a member of the conspiracy knowing of its object and intending to help accomplish it.

Villalobos pled guilty to count 1 and stipulated in his plea agreement that the amount of heroin involved was at least 100 grams but less than 400 grams. Before Villalobos' sentencing, the U.S. Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and

---

1. There is some uncertainty in the record as to the defendant's correct name. At the plea colloquy, the defendant said his name was Julio Rodriguez–Ramirez. In accordance with the caption, we refer to him as Villalobos.

2. 21 U.S.C. § 841(b)(1)(A) addresses violations involving 1 kilogram or more of heroin and exposes a defendant to a sentence of 10 years to life.

proved beyond a reasonable doubt. Villalobos moved to withdraw his plea, arguing that 21 U.S.C. § 841 was unconstitutional[3] and that *Apprendi's* change in the law affected his substantial rights at the time of the plea because it went to the government's burden of proof as to drug quantity. The district court denied Villalobos' motion to withdraw his plea, finding that the statute was constitutional and that Villalobos had stipulated to drug quantity. The court sentenced Villalobos to 60 months.

Villalobos' appeal challenges his plea.[4] We agree that the district court violated Rule 11 by not informing him of the nature of the charges against him, and remand to permit Villalobos to enter a new plea. *See United States v. Odedo*, 154 F.3d 937, 939 (9th Cir.1998), *abrogated on other grounds by United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

## II. Villalobos' Guilty Plea

In *United States v. Minore*, 292 F.3d 1109, 1113 (9th Cir.2002), we held that to comply with Rule 11's requirement that the defendant be informed of the nature of the charge against him, before accepting a plea the district court "must advise the defendant that the government would have to prove to the jury beyond a reasonable doubt any quantity of drugs that would expose the defendant to a higher statutory maximum sentence." The government concedes that the district court did not so advise Villalobos, but argues that the error was harmless.

## Standard of Review

■■■ We review de novo the adequacy of the Rule 11 plea colloquy. *Id.* at 1115. To ensure that the defendant is informed of the nature of the charge against him, as required by Rule 11, the district court must advise the defendant during the plea colloquy "of the elements of the crime and ensure that the defendant understands them." *Id.* If Rule 11 is not complied with, a guilty plea must nonetheless be upheld if the error is harmless. *United States v. Graibe*, 946 F.2d 1428, 1433 (9th Cir.1991).

## Rule 11 Error

"Our inquiry starts, as any *Apprendi* inquiry must start, with a delineation of the penalties normally associated with the counts of conviction.... Because the penalty provision of section 846 tracks the penalties provided for violations of section 841(a)(1), we focus on the latter." *United States v. Robinson*, 241 F.3d 115, 118 (1st Cir.2001).

■■■ The penalty for violating § 841(a)(1) varies according to the drug quantity involved. 21 U.S.C. § 841(b)(1);

---

**3.** This argument is now foreclosed by *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002)(en banc) and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1107 (9th Cir.2002).

**4.** Villalobos' opening brief questions the district court's refusal to withdraw his plea and its imposition of the mandatory minimum, arguing that his plea was "unintelligent" because he was not informed that drug quantity was an element that would have to be proved beyond a reasonable doubt. While this case was pending, our court decided *United States v. Minore*, 292 F.3d 1109 (9th Cir.2002), *cert. denied*, 537 U.S. 1146, 123 S.Ct. 948, 154 L.Ed.2d 848 (2003), which addressed *Apprendi* errors in the context of a plea colloquy. We requested supplemental briefing on the impact of *Minore*. The government's supplementary brief recognized that Villalobos' challenge to his plea encompassed the adequacy of the plea colloquy since Villalobos moved to withdraw his plea prior to sentencing on the grounds that he was not properly informed as to the elements of his offense, that error had occurred, and that the harmless error standard applied. *See United States v. Martinez*, 277 F.3d 517, 524 & n. 8 (4th Cir.2002); *Minore*, 292 F.3d at 1113. *See also United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

*Robinson,* 241 F.3d at 118. Under *Minore,* when drug quantity exposes a defendant to a higher statutory maximum sentence than he would otherwise face, drug quantity is a critical element of which the defendant must be adequately informed before a plea is accepted. *Minore,* 292 F.3d at 1115–1116. Here, the amount of drugs did expose Villalobos to a higher statutory maximum. Because Villalobos stipulated to 100–400 grams of heroin, he fell within the penalties outlined at § 841(b)(1)(B)(i) with a sentencing range of 5–40 years. The maximum sentence for a smaller or indeterminate amount of heroin is 20 years. 21 U.S.C. § 841(b)(1)(C). Since the drug quantity involved in the plea agreement exposed Villalobos to a higher statutory maximum sentence (40 years as opposed to 20 years), drug quantity was a critical element of the offense under *Minore.* Thus, the district court's failure to inform Villalobos that the government would have to prove this element beyond a reasonable doubt violated Rule 11. *See Minore,* 292 F.3d at 1117.

**The Error Was Not Harmless**

■ Because Villalobos attempted to withdraw his plea in the district court on the basis of the *Apprendi* error, the harmless error standard applies. *See United States v. Martinez,* 277 F.3d 517, 524 & n. 8 (4th Cir.2002); *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). To show that the error was harmless, the government must establish either that the record affirmatively demonstrates that the defendant "was aware of the rights at issue when he entered his guilty plea" or that the district court's Rule 11 error was simply "minor or technical." *Minore* at 1119.

■ The government has failed to meet this burden. First, it is unable to make an "affirmative showing on the record that

the defendant was actually aware of the advisement[that drug quantity had to be proved beyond a reasonable doubt]," *Graibe,* 946 F.2d at 1435. Neither Villalobos' plea agreement nor his plea colloquy informed him that drug quantity was an element of the charged offense to be proven beyond a reasonable doubt. Rather, as in *Minore,* "consistent with the law at the time, [Villalobos] was told that the judge would determine drug quantity" by a preponderance of the evidence. 292 F.3d at 1119.

The government nevertheless maintains that Villalobos "understood that the drug quantity was a significant factor which affected the maximum term of imprisonment as well as his guideline range." Even if true, this is not enough; whether Villalobos understood that drug quantity was a significant factor does not change the fact that he was unaware that the government had to prove drug quantity beyond a reasonable doubt.

Second, the Rule 11 error was neither minor nor technical. *See Minore* at 1119–1120. As in *Minore,* Villalobos' substantial rights were affected because he was not informed of a critical element of his offense, as required by due process. *Id.* (finding that the defendant's substantial rights were affected by the district court's rule 11 error regarding the proper burden of proof on drug quantity, noting "[t]he defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to ensure that guilty pleas are knowing and voluntary.") (citation omitted). The error also affected his substantial rights because it was prejudicial. "An error will affect a defendant's substantial rights if it is prejudicial, i.e., it must have affected the outcome of the district court proceedings." *Martinez,* 277 F.3d at 532 (citation omitted).

The government cannot demonstrate that the error was not prejudicial because it cannot show that Villalobos "would still have pleaded guilty absent the Rule 11 error." *Id.* at 527. The fact that Villalobos stipulated to a drug quantity as part of his plea agreement does not show that he would have pled guilty to this quantity or pled guilty at all if he had been properly informed about the burden of proof as to quantity.

■ During his sentencing hearing,[5] Villalobos stated that he had not sold the amount of drugs charged, and was counseled under the pre-*Apprendi* rule that the government had to prove drug quantity by a preponderance of the evidence. When he discovered this was incorrect, Villalobos did move to withdraw his plea. "A defendant's choice between entering into a plea agreement with the government or proceeding to trial rests upon his calculation of the relative risks and benefits of each option," *Graibe*, 946 F.2d at 1432, and "informing the defendant of the nature of the charge against him ensures that the defendant thoroughly understands that if he pleads 'not guilty' the State will be required to prove certain facts, thus permitting the defendant to make an intelligent judgment as to whether he would be better off accepting the tendered concessions or chancing acquittal if the prosecution cannot prove those facts beyond a reasonable doubt." *Minore*, 292 F.3d at 1115 (citation omitted). Villalobos could not properly evaluate the risks of entering the plea agreement, and could not intelligently and voluntarily plead guilty, if he was misinformed about the burden of proof for a critical element of his offense and was therefore unaware of the true nature of the charge against him. "Real notice of the true nature of the charge against a defendant is the first and most universally recognized requirement of due process" and "due process requires that the defendant be informed of the 'critical' elements of the offense." *Id.* (citations omitted).[6] Thus, here the "failure to advise is not harmless [because ] there is a reasonable possibility that [Villalobos] was confused in a way that compliance with

---

5. In determining the defendant's understanding of the rights at issue, we may look at the record of the sentencing hearing as well as the record of the plea colloquy. *Vonn*, 122 S.Ct. at 1054–1055; *Minore*, 292 F.3d at 1119.

6. We reject the dissent's contention that our reliance on *Minore* is improper in light of the Supreme Court's decision in *United States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). Unlike *Ruiz*, which concerned evidence that might be adduced at trial to satisfy the government's burden of proof, information which was related to the fairness of a trial, not the voluntariness of a plea, and did not affect whether the defendant understood "the nature of the right and how it would likely apply *in general* in the circumstances," *Ruiz* at 629, 122 S.Ct. 2450, the information at issue here—the burden of proof itself for the element of drug quantity— goes directly to the nature of the charge against Villalobos and to the voluntariness of his plea, and is properly characterized as "critical information of which the defendant must always be aware prior to pleading guilty." *Id.* at 630, 122 S.Ct. 2450. *See also Minore* at 1117 ("for the purposes of assessing what a defendant must understand about the nature of the charges against him, we have no trouble concluding that the dramatic impact of drug quantity on sentencing renders that element critical").

Moreover, we are bound by the decision in *Minore*. Both the Supreme Court and this court have implicitly recognized that *Ruiz* does not undermine *Minore's* holding. Several months after *Ruiz* was issued, this court denied rehearing and rehearing en banc in *Minore*, and the Supreme Court denied certiorari. *See Minore*, 292 F.3d 1109, *appellee's pet. for panel reh'g denied*, 302 F.3d 1065 (9th Cir.2002), *appellant's pet. for panel reh'g and reh'g en banc denied*, 303 F.3d 1120 (9th Cir. 2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 948, 154 L.Ed.2d 848 (2003).

Rule 11 could have remedied." *Graibe*, 946 F.2d at 1435 (citation omitted).[7]

We also reject the government's contention that Villalobos' stipulation as to quantity bars relief as the defendant's admissions regarding quantity did in *Minore*. In *Minore*, the defendant ultimately was denied relief even though the court found that the Rule 11 error had affected Minore's substantial rights, because under the further inquiry required for plain error analysis, the Rule 11 error did not "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings," *Id.* at 1120 (citing *Olano*, 507 U.S. at 732, 113 S.Ct. 1770). No such additional finding is required under the harmless error standard. *Vonn*, 122 S.Ct. at 1048.

 Even if such a finding were required, Villalobos' case is distinguishable from Minore's. In making its fairness determination, the *Minore* court relied on the fact that the defendant "unequivocally admitted in his plea agreement, during his plea colloquy and at his sentencing hearing that he should be held responsible" for enough drugs to expose him to a statutory maximum sentence of life in prison. 292 F.3d at 1120. In contrast, Villalobos contested the amount of drugs at the sentencing hearing saying he admitted he sold drugs, but not the amount the government alleged. His stipulation was based on a pre-*Apprendi* understanding of the government's burden of proof as to drug quantity. Unlike *Minore*, the evidence as to quantity in Villalobos' case is not unequivocal or overwhelming; in fact, there is very little evidence as to the quantity involved. Furthermore, in *Minore*, the de-

fendant had the burden of persuasion, whereas here, under the harmless error standard, the burden lies on the government. We give little weight to Villalobos' stipulation, entered when he was not properly informed as to the burden of proof.

We conclude Villalobos' guilty plea was not knowing, intelligent or voluntary because he was not informed that drug quantity was an element of his offense to be proven beyond a reasonable doubt, and the error affected Villalobos' substantial rights and was not harmless. The district court should have allowed Villalobos to withdraw his plea.

### III. Conclusion

We reverse and remand to the district court to vacate Villalobos' plea, conviction and sentence, and for further proceedings consistent with this decision.

REVERSED AND REMANDED.

GOULD, Circuit Judge, dissenting.

I respectfully dissent, believing that the Supreme Court decision in *United States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002), undermines our precedent in *United States v. Minore*, 292 F.3d 1109 (9th Cir.2002), on which the majority incorrectly relies.

*Ruiz* involved a plea agreement requiring the defendant to waive her right to receive information from the prosecutors about evidence that could be used to impeach a witness at trial. The defendant argued that such waiver meant that her guilty plea was not "voluntary." *Ruiz* held that "impeachment information is special in relation to the *fairness of a trial*, not in

---

7. The government also claims that Villalobos suffered no prejudice because his actual sentence was below the maximum for his offense, and argues that as a result the Rule 11 error could not have affected his decision to plead guilty. But the proper inquiry is whether

Villalobos *was exposed* to a higher sentencing range by pleading guilty to a certain quantity of heroin, which he was, regardless of his actual sentence. *See Minore*, 292 F.3d at 1116.

respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficiently aware')." *Id.* at 629, 122 S.Ct. 2450 (emphasis in original). The Court explained that more information might help the defendant make a "wiser ... decision" about "the likely consequences of a plea," but "the Constitution does not require the prosecutor to share all useful information with the defendant." *Id.* (citing *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977)). The Court added that a waiver is "knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right [that has been waived] and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id.* (emphasis in original). Finally, the Court explained that

> the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor. *See Brady v. United States,* 397 U.S., at 757, 90 S.Ct. 1463 (defendant "misapprehended the quality of the State's case"); *ibid.* (defendant misapprehended "the likely penalties"); *ibid.* (defendant failed to "anticipate a change in the law regarding" relevant "punishments"); *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (counsel "misjudged the admissibility" of a "confession"); *United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (counsel failed to point out a potential defense); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (counsel

failed to find a potential constitutional infirmity in grand jury proceedings). It is difficult to distinguish, in terms of importance, (1) a defendant's ignorance of grounds for impeachment of potential witnesses at a possible future trial from (2) the varying forms of ignorance at issue in these cases.

*Id.* at 630–31, 122 S.Ct. 2450.

Here, the defendant argues that his guilty plea was not "knowing" and "intelligent" because he misjudged the burden of proof that the government would have had to meet, with respect to drug quantity, if the case had gone to trial. The majority erroneously agrees, stating that Villalobos "could not properly evaluate the risks of entering the plea agreement." *Supra* at 1075. The correct answer to defendant's argument is to reject it based on the Supreme Court's decision in *Ruiz.* The form of ignorance alleged here by Villalobos, like that in *Ruiz,* is entirely indistinguishable from a defendant's ignorance about such relevant circumstances as the quality of the government's case, the admissibility of a piece of evidence, or the credibility of the government's witnesses. While a more complete understanding of the burden of proof might help the defendant make a "wiser ... decision" about the likely consequences of a plea, it is enough here that the defendant understood in general how the waiver of proof of drug quantity applied, even if he did not understand the specific detailed consequences of the waiver. I conclude that the Supreme Court's decision in *Ruiz* requires us to hold that even if a defendant does not know whether drug quantity must be proved beyond a reasonable doubt, that lack of knowledge does not prevent a plea from being "knowing" and "intelligent." The record here demonstrates that the conviction rested upon a knowing and intelligent plea supported by sufficient

awareness to demonstrate that the plea was voluntary. For the majority to relieve Villalobos of his plea, and thus to force the government to release a person who has admitted his guilt, or now to try a stale case, is wrong.