**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jae June PAK, aka Pak Jae June,
Defendant—Appellant.**

No. 03–10452.

D.C. No. CR–00–00150–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 24, 2004.

Mark E. Kondas, Esq., Assistant U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

Joaquin C. Arriola, Esq., Arriola, Cowan & Arriola, Hagatna, GU, for Defendant–Appellant.

Before BEEZER, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM **

Defendant Jae Jun Pak pleaded guilty to conspiracy to import over fifty grams of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960, and 963. Pak appeals his conviction and sentence, arguing that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by failing to inform him of his right to a jury determination of drug quantity beyond a reasonable doubt. He also claims the district court relied upon an erroneous fact in denying his motion for a downward departure based on coercion and duress in accordance with U.S.S.G § 5K2.12.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pak's constitutional right to have a jury determine the drug quantity was not infringed, because the plea agreement recited the elements of the charge against him, including drug quantity, and stated that all of these elements must be proved beyond a reasonable doubt. The elements of the charge were also discussed during the plea colloquy, when the district court advised him that he had the right to trial by jury. Pak knowingly and voluntarily signed the plea agreement and affirmed his understanding of the plea at the plea colloquy. *United States v. Villalobos*, 333 F.3d 1070, 1075–76 (9th Cir.2003); *United States v. Minore*, 292 F.3d 1109, 1116–17 (9th Cir.2002).

Pak's claim that the district court relied upon an erroneous fact in not departing downward based on coercion and duress is similarly unpersuasive. The district court properly examined the record and determined that "[t]he record before the court regarding the extent and degree of the alleged threat and coercion of defendant by [Pak's drug trafficking boss] does not rise to the standard required under the guidelines of a serious threat or duress." The district court did not rely on any erroneous fact, but only upon facts laid out by the government and Pak himself. Since there were no erroneous facts relied upon by the district court in its discretionary decision not to depart downward, we lack jurisdiction to review the district court's decision. "[D]ecisions to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law ..." *United States v. Pinto*, 48 F.3d 384, 389 (9th Cir.1995); *see also United States v. Garcia–Gomez*, 380 F.3d 1167, 1178 (9th Cir.2004) ("We lack jurisdiction to review the district court's decision not to grant a discretionary downward departure, so long as the judge recognized that he or she had discretion to depart and exercised that dis-

cretion.") (citing *United States v. Webster*, 108 F.3d 1156, 1158 (9th Cir.1997)). Because the district court recognized and exercised discretion, and did not rely on any clearly erroneous facts, its decision is not reviewable.

AFFIRMED.