**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randall Scott OLD PERSON,**
**Defendant–Appellant.**

No. 04–30352.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2005.

Decided June 30, 2005.

Joseph E. Thaggard, Esq., Office of the Attorney General, Helena, MT, for Plaintiff–Appellee.

Jeremy S. Yellin, Esq., Havre, MT, for Defendant–Appellant.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM AND ORDER *

Defendant Randall Scott Old Person appeals from his conviction for aggravated sexual abuse, 18 U.S.C. §§ 2241 and 1153. We affirm.

■ 1. Defendant contends that, because of his mental impairments, he was not competent to waive his constitutional rights and enter a guilty plea. The district court found that Defendant was competent to stand trial *and* that he was competent to enter a guilty plea. Defendant challenges only the latter finding. The *unchallenged* finding that he was competent to stand trial forecloses the argument

that he was not competent to plead guilty because the standards are identical. *Godinez v. Moran,* 509 U.S. 389, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

Even were we to review separately for clear error, *United States v. Timbana,* 222 F.3d 688, 700–01 (9th Cir.2000), we would have to reject Defendant's argument. On this extensively developed record, the district court's finding of competence is not clearly erroneous.

2. On de novo review, *United States v. Villalobos,* 333 F.3d 1070, 1073 (9th Cir. 2003), we conclude that the district court complied with the requirements of Federal Rule of Criminal Procedure 11(b).

■ First, the court properly determined that Defendant understood the nature of the charge to which he was pleading guilty. His handwritten confession and the government's offer of proof track the statutory elements of the offense. During the plea colloquy Defendant said that he understood the nature of the charge, and he agreed with the elements as recited by the government in open court. Dr. Low, who testified extensively about Defendant's mental capacity, concluded that he understood the charge.

Second, the district court properly determined that a factual basis supported the guilty plea. Defendant's statement during the Rule 11 colloquy that he had touched the child's genitalia "over the clothes" does not detract from the factual basis for the plea; during the same hearing he also said that he touched the child's "private parts" with his hand fifteen times and agreed specifically with the government's offer of proof, which stated that he touched the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

child's genitalia while she was naked in the bath. Moreover, his handwritten confession, standing alone, was sufficient to establish a factual basis for the plea.

3. Nor did the district court err when it concluded that Defendant's guilty plea was intelligent and voluntary. On de novo review, *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir.2001), we come to the same conclusion. The record shows that, despite his limitations, Defendant was aware of the relevant circumstances and the likely consequences of his guilty plea. The plea did not result from any improper promises, duress, or coercion.

4. In all the circumstances, the district court did not abuse its discretion in concluding that there was no fair and just reason to withdraw the guilty plea, Federal Rule of Criminal Procedure 11(d)(2)(B), and in denying Defendant's motion to withdraw his guilty plea.

CONVICTION AFFIRMED. Each party shall inform the court in writing within seven calendar days of the date of this disposition if the party wants a remand of the sentence pursuant to *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc).

Sentence AFFIRMED.