FILED

NOT FOR PUBLICATION

FEB 17 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10024 |
| Plaintiff - Appellee, | D.C. No. 3:92-cr-00001-CRB-14 |
| v. | |
| DONELL HATCHER, AKA D, AKA Darnell, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: WALLACE, NOONAN, and SILVERMAN, Circuit Judges.

Donell Hatcher challenges the district court's denial of his motion to
withdraw his guilty plea. The district court sufficiently advised Hatcher as to the
nature of his offense. *See United States v. Minore*, 292 F.3d 1109, 1115-16 (9th
Cir. 2002). Because Hatcher's plea did not expose him to a higher statutory

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

maximum sentence, there was no *Apprendi* error. *See United States v. Villalobos*, 333 F.3d 1070, 1074 (9th Cir. 2003). The district court reasonably concluded that the government would be prejudiced if required to prosecute Hatcher now based on a 1992 indictment. Accordingly, we hold that the district court did not abuse its discretion in finding that Hatcher failed to establish that there was a fair and just reason to withdraw his guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B).

Hatcher also challenges his sentence. We find that the district court gave adequate consideration to the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. Additionally, the district court did not abuse its discretion in determining that Hatcher's sentence should run consecutively to his sentence for an unrelated conviction in Arkansas. *See* U.S.S.G. § 5G1.3(c) comment n. 3.

However, the district court clearly erred in applying a two-level aggravating role enhancement. In determining whether to apply a sentencing enhancement, a court may not rely exclusively upon disputed factual statements in the presentence report ("PSR"). *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc). Here, the district court purported to rely on "wiretap information," but nothing in the government's wiretap evidence supports a conclusion that Hatcher was an "organizer, leader, manager, or supervisor." *See* U.S.S.G. § 3B1.1(c).

2

Accordingly, we AFFIRM the district court's denial of Hatcher's motion to withdraw his guilty plea and REMAND for resentencing.

*United States v. Hatcher*, No. 10-10024

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's conclusion that Hatcher failed to establish a fair and just reason for withdrawing his guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B). I also agree with the majority on the sentencing issues except that I part company with my colleagues' decision to remand for resentencing. The question here is whether the district court committed *clear error* when it assessed a two-level leadership enhancement based on wiretap evidence introduced by the government at Hatcher's sentencing. Because I lack a "definite and firm conviction" that the district court erred, I respectfully dissent. *See United States v. Asagba*, 77 F.3d 324, 326 (9th Cir. 1996).

Although the government's wiretap evidence is not like the smoking gun, it does support the district court's finding that Hatcher directed his co-defendants' activities. The wiretaps consist of several 1991 conversations in which Hatcher agreed to a series of drug deals with Timothy Bluitt. During these conversations, Hatcher generally arranged the terms of the transactions and repeatedly referred to one of his confederates, Spencer Henderson, as "my boy." Admittedly, this designation is susceptible to various meanings; nonetheless, the sentencing court would not commit clear error by finding in the context of this case that this

1

ambiguous title is suggestive of subservient status. *See United States v. John Hoang Cao*, 220 F. App'x 902, 906, 908 (11th Cir. 2007) (concluding that the defendant's reference to a colleague as "my boy" supported the sentencing court's decision to impose a four-level leadership adjustment). I would follow the Eleventh Circuit.

In another conversation involving a different drug delivery, Henderson referred to Hatcher as "Big Dog." As with "my boy," the "big dog" designation could have various meanings depending on context. Nonetheless, based on the context of the facts of this case, this title could easily be indicative of leadership. When used as a designation, "Big Dog" can be understood to mean "an important person." *See* definition for Big Dog, Urban Dictionary, http://www.urbandictionary.com. Likewise, the term "Big Dawg," which has the same pronunciation, often refers to an individual's "status" within the leadership "hierarchy" of a gang. *See id*. When evaluating sentencing decisions, our precedent directs us to "uphold the district court's factual findings used to support a sentencing enhancement" unless those findings are the product of clear error. *See United States v. Mattarolo*, 209 F.3d 1153, 1159 (9th Cir. 2000). By rejecting, without any explanation, a reasonable interpretation of the terms "my guy" and

2

"Big Dog," the majority inserts its personal views into the position of the factfinder and ignores the *Mattarolo* direction not to do so. *See id.*

Hatcher's sentencing memorandum is also enlightening. There, Hatcher expressly conceded that he "*instructed*" one of his co-defendants, Frederick Merrick, "to take [a] car to a gas station where the spare tire containing [] drugs would be given to Bluitt's confederates." This order, when read in conjunction with the wiretaps, further indicates that Hatcher had some degree of control over his co-defendants' criminal conduct. *See* U.S.S.G. § 3B1.1(c).

Thus, I fail to see the district judge's error that the majority believes is so clear. The wiretap conversations indicate that Hatcher arranged all the details of the drug transactions at issue. Neither of Hatcher's confederates ever negotiated with Bluitt. Instead, the record indicates that Hatcher's "boys" simply carried out the transactions in a manner consistent with Hatcher's prior arrangements. Based on this evidence, it can be inferred that Hatcher was the "Big Dog" leading the pack. *See United States v. Panaro*, 266 F.3d 939, 952 (2001) (upholding a role adjustment where the defendant exercised "decisionmaking authority" and where the "nature of the offense" indicated that he was the leader). I cannot say with any conviction, let a lone a definite and firm one, that the district court clearly erred

by finding that Hatcher "was an organizer, leader, manager, or supervisor" pursuant to United States Sentencing Guidelines, section 3B1.1(c).

I DISSENT.