MEMORANDUM *
Donell Hatcher challenges the district court’s denial of his motion to withdraw his guilty plea. The district court sufficiently advised Hatcher as to the nature of his offense. See United States v. Minore, 292 F.3d 1109, 1115-16 (9th Cir.2002). Because Hatcher’s plea did not expose him to a higher statutory maximum sentence, there was no Apprendi error. See United States v. Villalobos, 333 F.3d 1070, 1074 (9th Cir.2003). The district court reasonably concluded that the government would be prejudiced if required to prosecute Hatcher now based on a 1992 indictment. Accordingly, we hold that the district court did not abuse its discretion in finding that Hatcher failed to establish that there was a fair and just reason to withdraw his guilty plea. See Fed. R.Crim.P. 11(d)(2)(B).
Hatcher also challenges his sentence. We find that the district court gave adequate consideration to the need to avoid unwarranted disparities among defendants with similar records who have *946 been found guilty of similar conduct. Additionally, the district court did not abuse its discretion in determining that Hatch-er’s sentence should run consecutively to his sentence for an unrelated conviction in Arkansas. See U.S.S.G. § 5G1.3(c) comment n. 3.
However, the district court clearly erred in applying a two-level aggravating role enhancement. In determining whether to apply a sentencing enhancement, a court may not rely exclusively upon disputed factual statements in the presentence report (“PSR”). United States v. Ameline, 409 F.3d 1073, 1085-86 (9th Cir.2005) (en banc). Here, the district court purported to rely on “wiretap information,” but nothing in the government’s wiretap evidence supports a conclusion that Hatch-er was an “organizer, leader, manager, or supervisor.” See U.S.S.G. § 3Bl.l(c).
Accordingly, we AFFIRM the district court’s denial of Hatcher’s motion to withdraw his guilty plea and REMAND for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.