**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10633 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-04235-CKJ-BPV-1 |
| v. | |
| JAMES RAYBURN JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted January 15, 2014
San Francisco, California

Before: BYBEE and BEA, Circuit Judges, and RESTANI, Judge.[**]

James Johnson ("Johnson") appeals the district court's denial of his motion

to withdraw his guilty plea entered pursuant to a plea agreement in which he

admitted to tampering with a victim in violation of 18 U.S.C. § 1512(a)(2)(C).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

Johnson claims the indictment and his plea colloquy were deficient and that he is "legally innocent." Despite the appeal waiver in Johnson's plea agreement, we retain jurisdiction, see United States v. Jacobo Castillo, 496 F.3d 947, 954–57 (9th Cir. 2007) (en banc), and we review preserved challenges to the adequacy of a plea colloquy de novo. United States v. Pacheco-Navarette, 432 F.3d 967, 969 (9th Cir. 2005). Here, Johnson has not preserved his challenge to the adequacy of the plea colloquy or the indictment, and his objection is not timely. We review Johnson's untimely objection under the plain error test of Federal Rule of Criminal Procedure 52(b). United States v. Leos-Maldonado, 302 F.3d 1061, 1064 (9th Cir. 2002); see also United States v. Cotton, 535 U.S. 625, 630–32 (2002).

Under 18 U.S.C. § 1512(a)(2)(C), the government must prove that the defendant "use[d] physical force or the threat of physical force against any person . . . with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense." Analyzing a federal statute that prohibits killing any person "with intent to . . . prevent the communication . . . to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense," 18 U.S.C. § 1512(a)(1)(C), the Supreme Court required the government

2

to show "that there was a <u>reasonable likelihood</u> that a relevant communication would have been made to a federal officer," as opposed to a state law enforcement officer. <u>Fowler v. United States</u>, 131 S. Ct. 2045, 2048 (2011).

Johnson's indictment failed to allege explicitly that a federal law enforcement officer, as opposed to a state law enforcement officer, likely would have been contacted by the victim. The indictment included, however, a citation to the relevant statute, which should have put Johnson on notice of this element of the offense. Because Johnson raised his challenge to the indictment for the first time post-conviction, "'[t]he only issue . . . is whether the indictment, <u>by reference to</u> [the statute],' alleged sufficient information to cure the deficiency." <u>United States v. James</u>, 980 F.2d 1314, 1318 (9th Cir. 1992) (second and third alterations in original) (quoting <u>United States v. Coleman</u>, 656 F.2d 509, 511 (9th Cir. 1981)). We are satisfied that any deficiency was cured by the statutory citation here, as the statute clearly sets out the element at issue.

Additionally, even if the plea colloquy were deficient by failing to ensure that a sufficient factual basis supported this element of the charged offense, as required by <u>United States v. Villalobos</u>, 333 F.3d 1070, 1073–74 (9th Cir. 2003), Johnson was not prejudiced by any error. Johnson conceded at oral argument that the alleged underlying assault by Johnson, a non-Indian, on the victim, an Indian,

3

is subject to exclusive federal jurisdiction pursuant to 18 U.S.C. § 1152. As a result, there is at least a reasonable likelihood that but for Johnson's use of force, the victim's attempt to contact law enforcement in this case would have resulted in referral to federal authorities for investigation and possible prosecution; in fact, such a referral later occurred, resulting in Johnson's prosecution. Johnson's apparent contention that the victim must contact a federal law enforcement officer directly finds no support in Fowler.

We also find Johnson's other claims regarding irregularities at the plea hearing to be meritless. The district court properly denied Johnson's motion to withdraw his guilty plea based on unspecified evidence that he was innocent. Similarly, Johnson's claim below that he did not understand the range of possible sentences under the plea agreement is contradicted by the plain language of the agreement and the transcript of the plea colloquy. Turning to Johnson's new arguments on appeal, the record demonstrates that Johnson was not prevented by the magistrate judge from withdrawing his plea at the end of the change of plea hearing. The record also shows that Johnson was aware of his right to counsel and was represented at all times.

**AFFIRMED.**